NEW-YORK,
Nov. 1810

KENT
v.
WELCH.

In an action on
a covenant con-
tained in a deed
by which the grantor " *gave, granted,*" &c. and engaged to *warrant* and defend the land against all claims, &c. it was held, that no action could be maintained either on the implied or express covenant, without alleging and proving an eviction; and that the express warranty qualified and restrained any implied covenant of seisin arising from the word *give.*

THIS was an action of covenant. The declaration stated, that by a deed, dated the 3d of *March*, 1784, and

NEW-YORK,
Nov. 1810.

KENT
v.
WELCH.

executed by the defendant, he, in consideration of 50*l.* did *give, grant, bargain* and *sell* to the plaintiff, in fee, a tract of land in *Vermont*, and engaged to *warrant and defend* the same against all claims or demands of any person claiming under him, or any person whatsoever; and the plaintiff averred that the defendant, at the time, was not *seised* in fee, and that he has not warranted and defended the land as aforesaid, and that the defendant, at the time, had not any estate in the land, and so the defendant has broken his covenant, &c. The defendant pleaded, 1. That he hath not broken his covenant; 2. That the deed was made in reference to the laws of *Vermont*, and that the cause of action arose there, and that all suits for breach of covenants, in deeds, must be brought within 10 years ; and that 10 years had elapsed before suit brought, and this he was ready to verify, &c. There was a *general demurrer* to the second plea, and joinder.

*Crary*, in support of the demurrer, cited 2 *Caines*, 188.

*Foot*, contra, cited 1 *Term Rep.* 584. *Cro. Eliz.* 914. *Cro. Jac.* 425. *Greenby & Kellogg* v. *Wilcocks*, (2 *Johns. Rep.* 1.) *Selwyn's N. P.* 413.

*Per Curiam.* Here are two covenants in this deed ; 1. The implied covenant or warranty in law, by force of the word *give*, and which is good only for the life of the grantor ; 2. The express covenant on the warranty against all claims and demands. But before there can be any remedy upon either covenant, there must be a lawful eviction averred and shown, and the declaration is bad for want of this averment. The implied covenant here is a covenant of warranty, and so it appears from the cases referred to in the opinion of the court in *Frost* v. *Raymond;* (2 *Caines*, 188.) and it is well understood that under a covenant of warranty the plaintiff must show an eviction. (2 *Johns. Rep.* 1.) This objection is fatal to the plaintiff's action.

NEW-YORK,
Nov. 1810.

Even if the word *give* implied a covenant of *seisin*, as the counsel must have supposed; yet as there was an express covenant of warranty, it would have qualified and restrained the implied covenant within the import and effect of the express covenant, so that the former never shall be broader than the latter. This is also a settled rule, as appears from *Noke's* case, (4 *Co.* 80.) and the other authorities referred to in 2 *Caines*, 192. On no ground, therefore, can the plaintiff recover.

Judgment for the defendant.