Locke, Judge,
 

 delivered the opinion of the Court:
 

 This case presents two questions for the consideration of the Court; 1st. What is the true construction or ope^ration of the warranty contained in the covenant set forth in the Plaintiff’s declaration ? Does it bind the Defendants, on receiving notice from the Plaintiff, of a suit being brought to ascertain the freedom of the negro Peter, to come forward and make defence in the place and stead of the present Plaintiff, and put a stop to the eviction ; or are they bound to make defence only when suit is brought against them on this covenant? And if the latter, then 2dly. Whether the verdict rendered between the negro Peter and the present Plaintiff is, or is not, conclusive against these Defendants ?
 

 To shew that the' warranty binds the warrantor to make defence and put a stop to the eviction, Coke•
 
 Lite
 
 S65,
 
 sec.
 
 1,
 
 a.
 
 has been cited; and it is true, it is there said, “ That in the Civil Law, warranty is defined to be the obligation of the seller, to put a stop to the eviction or other troubles, which the buyer suffers in the property purchased.” It is«not necessary to enquire what were the nature and extent of the obligation) which by the Civil Law, a warranty imposed upon the seller of personal property, nor what were the forms of proceeding where the buyer was sued and gave notice to the seller to stop the eviction
 
 ;
 
 for 1¡he definition of
 
 warranty
 
 here copied by the author from the Civil Law, corresponds with that kind of warranty of which the author was treating, to wit, warranty of freeholds and inheritances, and with the form of proceedings against tlie warrantor
 
 *36
 
 upon the writ of wan-anti a charts, in which the wa;--rantor is vouched and compelled to come forward and majte },}msc]f a party and defend his title. The action 0f warrantia chart» has become obsolete in England, and was ne\ er in use in this State. The action of covenant has been substituted in its
 
 place;
 
 in which it is impossible for any other parties to be made, than those against whom the Plaintiff may think proper to bring his action. To give, then, to warranties respecting chattels, the construction and operation contended for by the Plaintiff, would be to compel a vendor to make defence to an action in which he is no party, and in which, by the rules of Law, he could not use nor sue out any process whatever. It appears, therefore, to the Court, that the fair and just construction of the warranty in question is this, that <e the Defendants covenanted, that when legally called upon by an action grounded on the warranty, at the instance of the Plaintiff, they would shew that the negro Peter was a slave, or if they could not, that they would repair the Plaintiff’s loss by an equivalent in damages , in short, that they only meant to warrant against a superior title, and not against every suit or molestation to which the purchaser might be exposed, and to which they were no parties. Perhaps, if it could be shewn that a purchaser was really ignorant of the witnesses necessary to support his title, and they were within the knowledge of the seller, who, upon a proper application, refused to discover them until after an eviction, a Court of .Law might view/such conduct as a deceit and fraud, for which the purchaser would be entitled to recover. But this case furnishes no ground for such an action, because the evidence to prove that Peter was a slave was known to the Plaintiff: however, the Court do not mean to give any opinion upon the right to recover in such a case as has been stated, because that point does not arise in the case submitted.
 

 If, then, such is the true construction to be given to the warranty contained in the covenant declared upon, what
 
 *37
 
 is the died of the verdict and judgment recovered by Peter again,st the present Plaintiff, as against the De-fondants ? On this point, the Court is cleai
 
 ly
 
 of opinion, 'that the verdict being between different p; ■■ties, ought to have no other effect than merely to shew that the Plaintiff was evicted, and put the Defendants to the necessity of shewing that the negro Peter was a slave
 
 ;
 
 but that it is by no means
 
 conclusive
 
 — (Pear v.
 
 Templeton, 2 Hayw. Rep. 380—Peake’s
 
 Evidence, 2
 
 6.
 
 ) Judgment for the Defendants.