It is contended in support of the demurrer that the covenant contained in the deed is nothing more than a covenant for quiet enjoyment, and as there is no allegation in the declaration (632) of an entry and eviction under a lawful title, by legal process, the plaintiff is not entitled to maintain his action. It is a well settled rule that under a covenant of warranty the plaintiff must show a lawful eviction in order to maintain his action. 2 Johns., 4; 3 Johns., 473; 7 Johns., 258; 11 Johns, 122. And the plain reason is this, if the eviction is not lawful, by some person having a better right to the possession, the covenantee would always be able, through the medium of the courts of justice, to maintain his possession and recover damages for the interruption; but if the eviction is lawful; the convenantee has no other remedy but on his covenant for quiet enjoyment. Ib., 34, 35; Cro. Eliz., 914; Cro. Jac., 425. If the parties had inserted a covenant of seisin in the deed, and a breach had been assigned on that covenant, the case would have been very clear. We are now called on to say whether there does not appear sufficient in this case to authorize the plaintiff to recover on the covenant contained in the deed, under the circumstances attending it; or, in other words, whether it was necessary for the plaintiff to allege and prove that he had been evicted by a legal title in an action of ejectment. It appears by the case that the plaintiff, by virtue of the deed, entered upon the land and had some timber cut and carried away; and the declaration states that McKethan, by a better title, entered and held him out of possession. On an examination of the British authorities, it does not appear to be necessary for the plaintiff to show an eviction, in consequence of an action brought against him, and a recovery; it is sufficient that he state in his declaration that he was turned out of possession by one who had the legal title. 4 Term, 617, 620; 2 Wms. Saunders, 181, note 10. In the present case the title was fairly tried, the defendant (I. Shaw) had notice to defend; whether he did or does not appear from the case. The land being woodland, and no actual possession, the possession then followed the title, and that the court and jury said was in McKethan. This is equivalent to an eviction under legal process.
RUFFIN, J. I am of opinion that the recovery in the action of trespass against the plaintiff, as set forth in the declaration, is such a disturbance of his possession as will form a breach of the (633) defendant's covenant for quiet possession. In that respect it is tantamount to an actual eviction. But, like an eviction, it must be upon prior and paramount title to enable the plaintiff to recover. Here such a title is stated in the declaration and admitted by the demurrer. Wherefore I think the demurrer must be overruled. *Page 455 
NOTE. — Upon the first point, see Grist v. Hodges, 14 N.C. 198;Cowan v. Silliman, 15 N.C. 46; Clapp v. Coble, 21 N.C. 177. Upon the second point, see contra Wright v. Walker, 3 N.C. 16, and Garland v.Goodloe, ibid., 351, which are, however, overruled by Saunders v. Hamilton,3 N.C. 282; Pearse v. Templeton, ibid., 379; Shober v. Robinson, 6 N.C. 33.
Cited: Coble v. Wellborn, 13 N.C. 390; Martin v. Cowles, 19 N.C. 102.