DE FOREST          On both grounds, therefore, the judgment must be re-
v.            versed.
LEETE.

                                            ----------⊂※⊃----------


DE FOREST *against* LEETE.

A. having        THIS was an action of covenant, for the breach of the
mortgaged ele-
ven lots of land, covenants contained in a deed, dated the 1st of *April*, 1812,
sold the equity
of redemption  executed by the defendant, by which he conveyed to the
of three of
those lots to   plaintiff two lots of land in the city of *New-York*, part of
the defendant,
who conveyed    the estate formerly of *Evert Byvanck*, and distinguished on
two of the three
to the plaintiff, a map of that estate by Nos. 37 and 48. The breaches
with covenants
of title and    assigned were, that the defendant was not at the time of
against incum-
brances. The    the sealing and delivery of the deed lawfully seised in his
mortgagee af-
terwards filed  own right, &c. and had not good right and lawful authority
a bill in Chan-
cery against    to grant, &c. ; and " that the said premises mentioned in
the represen-
tatives of A.,  the said indenture, were not, at the time of the sealing and
and the de-
fendant to fore- delivery thereof, free, clear, discharged, and unincumbered,
close the mort-
gage, upon      of and from all other grants, titles, charges, estates, judg-
which a decree
was made di-    ments, taxes, assessments, and incumbrances, of what na-
recting the
ture and kind soever, according to the form and effect of the

Master to sell, in the first place, the eight lots, the equity of redemption in which A. had not parted
with, and then, if there should be a deficiency, to expose to sale the three lots which he had con-
veyed to the defendant. The Master, under the decree, sold six of the eight lots ; and then exposed
to sale the two lots conveyed by the defendant to the plaintiff, which were purchased by the plain-
tiff. In an action brought by the plaintiff for a breach of the covenants contained in the defendant's
deed to him, it was held, that the defendant could not avail himself of any irregularity in the sale,
as a defence to the action, as the plaintiff was not a party to the suit in chancery, and must be re-
garded in the same light as a *bona fide* purchaser at a sheriff's sale, who is not to be affected by an
irregularity in the execution.
   Whether on a sale by a Master in Chancery, of mortgaged premises, under a decree of foreclo-
sure, the purchaser can be required to pay the fees of the auctioneer ? *Quære*.
   In an action for a breach of a covenant against incumbrances, under a breach assigned generally,
that the premises were not incumbered, the plaintiff cannot give evidence of his having bought in
an incumbrance, and on showing a breach of the covenant, he is only entitled to nominal damages :
but the fact of his having discharged the incumbrance should be specially alleged : for it is not a da-
mage necessarily arising from the act complained of, and consequently implied by law, but it is a
particular damage which should be stated, in order to prevent surprise.

said indenture, and of the covenants of the said *John Leete*, in that behalf made as aforesaid." The cause was tried before Mr. J. *Yates*, at the *New-York* sittings, in *April*, 1818.

*Peter Byvanck*, by mortgage, dated the 2d of *January*, 1809, and duly registered, previously to the execution of the deed declared upon, mortgaged the two lots 37 and 48, together with nine others, to *George Riker*. Afterwards, by deed, dated the 1st of *August*, 1810, *Byvanck* conveyed the lots 37 and 48, and one other of the lots mortgaged to *Riker*, to the defendant. *Riker*, the mortgagee, filed a bill in Chancery against the executors of *Byvanck*, and the defendant, to foreclose the mortgage. The defendant put in an answer, admitting the mortgage, and setting out his title from *Byvanck*, and a covenant by which *Byvanck* undertook within twelve months to liberate the three lots from the mortgage, and from a judgment which had been recovered against him ; and prayed that the eight lots, of which the equity of redemption had not been sold by *Byvanck*, should be first exposed to sale, under the decree to be made in the cause, and that the three lots conveyed to the defendant might not be resorted to, until the others had been found insufficient to satisfy the mortgage debt. A decree, dated the 22d of *December*, 1813, was made by consent, in the cause ; and it was thereby directed, that so many of the eight lots as should be sufficient to satisfy the debt should be sold by the Master at public auction, after six weeks' notice ; and that, if sufficient should not be raised upon such sale to satisfy the debt, that then the Master should sell so much of the three lots as might be sufficient for that purpose.

At the sale under this decree, the Master sold six of the eight lots to one *Post*, and then proceeded to sell the two lots which had been conveyed to the plaintiff, which were purchased by one *White* on the behalf of the plaintiff, for the sum of 1,175 dollars, which was paid by the plaintiff to the Master, together with 12 dollars, exacted by the Master, for the auctioneer's fees : and by deeds respectively dated the 9th of *May*, 1814, the Master conveyed lot No. 48 to the plaintiff, and No. 37 to *White*, who had previously agreed to purchase it of the plaintiff. On the trial, the defendant's counsel objected to all evidence of payment of incumbrances, on the ground that such payment had not been

ALBANY
January, 1819.

DE FOREST
v.
LEETE.

averred in the declaration ; but the judge, notwithstanding, admitted evidence of the facts above stated.

It appeared that the Master had filed no report of the sale ; but that he had deposited the proceeds with the assistant register, who had paid to the plaintiff in the suit in Chancery, the amount reported to be due on the mortgage, with his costs, and also had paid the defendant his costs. A verdict was found for the plaintiff for the two sums of 1,175 and 12 dollars, which he had paid to the Master, with interest. The defendant moved to set aside this verdict, and for a new trial.

*D. B. Ogden,* for the defendant. 1. As payment by the plaintiff in satisfaction of the incumbrances, is not averred in the declaration ; evidence of any such payment was inadmissible. Two breaches are assigned : 1. That the defendant was not seised, &c. ; 2. That the premises, at the time, &c. were not free from incumbrances, &c. If the plaintiff can recover at all, it must be on the second breach assigned ; but under this general assignment of a breach, the evidence of payment ought not to have been received. It is true, that in assigning a breach of the covenant of seisin, and of a right to convey, &c. no averment of payment is necessary. But in regard to the other covenant, the mere existence of an incumbrance does not, of itself, give a right of action ; or, at most, he can recover but nominal damages. (*Delavergne* v. *Norris,* 7 *Johns. Rep.* 358.) So, in an action for a breach of the covenant for quiet enjoyment, the Court held, that the action could not be maintained, until there had been an eviction or actual ouster, by a paramount title. (*Waldron* v. *M'Carthy,* 3 *Johns. Rep.* 471.) In *Marston* v. *Hobbs,* (2 *Mass. Rep.* 433.) Ch. Justice *Parsons* lays down, with great clearness, the distinction between the several covenants in a deed, and the rules as to assigning breaches of them. In regard to the covenants of seisin and of a right to convey, which are termed *synonimous,* the *general* rule is, that the breaches may be assigned *generally,* by negativing the words of the covenants ; but as to the covenants against incumbrances, and for quiet enjoyment, the breaches must be specially assigned ; being ex-

ceptions to the general rule. If all the incumbrances are specially set forth, and the plaintiff alleges specifically that he has paid such, or such of them, the defendant will not be taken by surprise; but being informed of what he is bound to defend himself against, he may come prepared to the trial.

2. The sale of the two lots conveyed to the plaintiff, was not authorised by the decree of the Court of Chancery. The declaration states a different decretal order from that produced in evidence at the trial. The one set forth in the declaration is, to sell the eleven lots; the one produced is conditional, first eight lots, and not the others, unless necessary. There is no proof that the Master had any authority to sell the two lots; the sale was a nullity; and the payment of the consideration money, by the plaintiff, gave him no right of action against the defendant. A sale by a sheriff, without an execution, is a nullity; and a sale by a Master, unless warranted by the decretal order, is equally void.

3. The Master exacted twelve dollars, for auction fees, which was illegal, and the defendant ought not to be made responsible for that sum.

*P. W. Radcliff*, contra. The general doctrine laid down in *Delavergne* v. *Norris*, is not denied. The plaintiff must wait until he is evicted, or he may voluntarily pay off the incumbrance, and then bring his action on the covenant. It is, then, a mere question of form, as to the sufficiency of the declaration. The right of the plaintiff to recover the amount he has been compelled to pay, is not disputed. It can make no difference, as it regards this suit, whether the money was paid under a regular order and sale or not. But the defendant knew of the order and sale of the Master; he stood by, and saw the proceeding, and if it was unauthorized, he should have applied to the Chancellor to set aside the sale. Having acquiesced in the sale, with full knowledge of the irregularity, he cannot make the objection here, and charge the plaintiff, who was no party to the suit in Chancery, with the consequences of it. If an estate be sold contrary to the order of the Court, and the purchaser had notice of the decree, he will have no remedy;

though, if he buys without notice, he may recover at law for a breach of the agreement. (*Sugden's Law of Vend.* 40.)

The only point is, that the declaration is defective, in not setting forth, specifically, the incumbrance, and averring that the plaintiff paid the amount. If this objection is well founded, then the defendant ought to have demurred to the declaration. A good breach badly assigned, is made good, by pleading over. After the plea in bar, it is matter of evidence altogether. (13 *Johns. Rep.* 226.) The plaintiff can recover only what he proves that he has paid. There can be no surprise : In fact, the defendant came prepared, and gave evidence at the trial.

Again ; a breach, badly assigned, is aided by the verdict. (5 *Comyn's Dig. Pl.* (C. 48.) (C. 85.) (C. 87.) *Thomas* v. *Roosa,* 7 *Johns. Rep.* 461.) But, we contend, that an assignment of a breach, generally, negativing the words of the covenant, is sufficient, if the plaintiff shows a right to damages. He must prove how much he has paid, otherwise he recovers only nominal damages. (7 *Johns. Rep.* 358. *Sedgwick* v. *Hallenback,* 7 *Johns. Rep.* 376.) In *Abbot* v. *Allen,* (14 *Johns. Rep.* 248.) *Platt,* J. lays down the rule, that the breach may be assigned generally, by negativing the words of the covenant ; and he remarks on the decision, in *Marston* v. *Hobbs,* and distinguishes it from the one then before the Court. Chief Justice *Parsons,* in *Prescott* v. *Trueman,* (4 *Mass. Rep.* 627 ) clearly understands the rule to be as we have stated : that an outstanding mortgage, &c. is an incumbrance ; but, if it has not been paid off and extinguished by the grantee, he can, in an action of covenant, recover only nominal damages ; but if he extinguishes the incumbrance at a fair price, that is to be allowed by the jury as the measure of damages. The effect of the doctrine contended for by the defendant, would be to send the plaintiff back, on a mere formal objection to the declaration, and after amendment, to go to trial again, and recover precisely the damages found by the present verdict: Had the defendant apprehended any surprise, he might have demanded a bill of particulars. The plaintiff could bring no other action than that of covenant.

PLATT, J. delivered the opinion of the Court. As be- tween these parties, there is no foundation for the objection, that the Master disobeyed the decree, in selling the two lots in question, before he had ascertained that the other eight lots were insufficient to satisfy the mortgage.

The plaintiff was not a party to that proceeding in Chancery; nor does it appear that he knew, that the decree was special in that respect; or that the Master had not complied with it. As to the plaintiff, it must be regarded as a sale on compulsion; and it was incumbent on the defendant as covenantor, and especially, as a party to the suit in Chancery, to look to it, that the decree was in that respect complied with. He might have applied to the Court to compel the Master to report; and if the fact really were, as it now appears, he could have obtained an order for setting aside the sale of the two lots in question. It may well be likened to the case of a sale of land by a sheriff on *fi. fa.* which directs him to levy the money of the goods and chattels ; and if sufficient goods and chattels cannot be found, then, of the lands and tenements, &c. A *bona fide* purchaser of the land, has no concern with the fact, that the sheriff has omitted his duty, in not first selling the goods and chattels. When the plaintiff saw the Master in the act of selling his lands, under the decree of foreclosure, he had a right to redeem; and *a fortiori*, he had a right to purchase; there being no ground to impute fraud.

Whether the Master had a right to exact the 12 dollars for auctioneer's fees, is very questionable ; but that item was not objected to, at the trial; and I am not disposed to scrutinize it, as between these parties.

But as to the objection, that the declaration did not aver payment in satisfaction of the incumbrance, and, therefore, evidence of such payment was inadmissible, we are of opinion, that the Judge at the circuit erred in admitting the evidence.

If the plaintiff has extinguished the incumbrance, he is entitled to recover the price he has paid for it. The cove- nantee in such a case, has a right to pay off the incumbrance without compulsion, suit or molestation : (*Prescott* v. *True-*

ALBANY,
January, 1819.

ELBERS
v.
UNITED INS.
COMPANY.

*man,* 4 *Mass. Rep.* 627.) but if he has not extinguished it, and it is still an outstanding incumbrance, his damages are merely *nominal.* (*Delavergne* v. *Norris,* 7 *Johns. Rep.* 358.)

The fact of the plaintiff having removed the incumbrance, is, therefore, a material and traversable fact; and according to the rules of pleading, it ought to be averred and set forth in the declaration. The general rule is perspicuously stated by *Chitty on Pleading,* (1 vol. 386.) " whenever the damages sustained do not *necessarily* arise from the act complained of, and, consequently, are not *implied* by law; in order to prevent the surprise on the defendant, which might otherwise ensue on the trial, the plaintiff must, in general, state the particular damage which he has sustained, or he will not be permitted to give evidence of it."

Upon the declaration in this case, the law implies nominal damages only, no actual payment, or loss, being averred; and the damages proved at the trial were special, and did not *necessarily* arise from the breach of covenant assigned in the declaration.

A new trial must, therefore, be granted, with costs to abide the event.

New trial granted.