UTICA,
Aug. 1826.

Townsend
v.
Morris.

---

## TOWNSEND *against* MORRIS and VAN COURTLANDT, executors of *Van Courtlandt*.

ON demurrer to the declaration in covenant. The action was upon a covenant in a conveyance by way of lease and release, of certain land at *Goshen*, in *Orange* county ; and set forth, that the testator thereby conveyed the land in fee to the plaintiff and one *S. Townsend*, now deceased, on the 12*th* and 13*th* days of *October*, 1788 ; and thereby, for himself and his heirs, did warrant and engage to defend to the plaintiff and *S. Townsend*, now deceased, and their heirs and assigns forever, the land so conveyed. The declaration then averred that the people of the state of *New-York* had, before, and at the time of, and since the conveyance, a title to a certain part of the premises ; and afterwards entered and ejected, expelled and amoved the plaintiffs from that part, in *S. Townsend's* life time.

The defendants craved oyer, and demurred generally, the plaintiff joining in demurrer.

*P. A. Jay*, in support of the demurrer. This is a covenant real ; and not binding on the personal representatives of the warrantor. The only remedy is by voucher or *warrantia chartæ*. (*Rudy* v. *Pincombe*, 1 *Rol. Rep.* 25, 6.    *Hob.* 3, 4, *S. C.*    3 *Bl. Com.* 300.    *Rast. Ent.*

A warranty of lands in a deed in fee, is the subject of a personal action of covenant against the executors of the warrantor ; and the grantee is not confined to his voucher or *warrantia chartæ*, as *it seems he was anciently.*

It is sufficient in declaring upon this covenant, to aver generally, that the grantee was evicted of a part or the whole of the granted premises by lawful right and title of a stranger ; without setting forth the title or manner of eviction more particularly, especially on general demurrer.

The damages for an eviction of two tenants in common, to whom lands are granted with warranty, are personal ; and an action will lie for them by the survivor.

396, *Garrantie de charters.     Sir Henry Roll* v. *Sir Robert Osborn, Hob.* 20.   *Hale's Anal.* 33.   *Shep. Touch.* 182, 3, 4.   *Co. Lit.* 389, *a.*)

Neither the right and title of the people, nor the eviction, are set forth in the declaration with sufficient certainty.

The plaintiff is only a tenant in common; and yet claims the whole damages as survivor.   This is inadmissible.

*R. Manning,* contra. The warranty is a covenant. An action of covenant will lie upon every agreement under seal ; and the covenantor is personally bound.   This rule has been repeatedly applied to actions upon covenants of warranty in relation to lands ; and that too without question. (*Withy* v. *Mumford,* 5 *Cowen's Rep.* 137, *and the note to that case, at p.* 143.   1 *Mass. Rep.* 464.   8 *id.* 162.   7 *John. Rep.* 258.)   *Warrantia chartæ* and voucher, are mere supplemental remedies ; and the latter cannot be used by the grantee, except as tenant in a real action.   Nor can he resort to the writ of *warrantia chartæ,* with a view to any other estate than the real.   Both operate upon the real estate only of the grantor, leaving his person and his personal property untouched.

As to the breach, it is sufficient to show that a right existed in a stranger, before, and at the time of the grant, under which right we were evicted.   It is not necessary to say that it is a right in fee.   It is enough that it be for life.   (2 *Saund.* 181 *a, note* (10.)   It is not necessary to show what the title is.   That may be impossible ; for the claim is by a stranger.   Nor is it necessary to aver an eviction by process of law ; nor shew by what agents the eviction was effected.   (1 *T. R.* 671.)

The eviction took place when all parties were alive ; since which one of the grantees has died.   By the breach, the right to damages became a chose in action ; (2 *John.* 1 ;) and survived.   The action is, therefore, properly brought in the name of the survivor.   The covenant being

personal as well as real, the action was properly brought against the executors.  (1 *Chit. Pl.* 37.  3 *Wils.* 29. *Cro. Eliz.* 553.  *Com. Dig.* Covenant, (*C.* 1.)  2 *John. Rep.* 1.)

*Jay*, in reply.  The question whether the covenant was real or personal, was not raised in the cases cited from 5 *Cowen*.  No doubt the warranty is a covenant; but the question is, for what purpose?  Not for a personal purpose.  The words *dedi et concessi* sometimes imply a covenant of warranty; yet a personal action will not lie. (*Soper* v. *Morgan*, 1 *Keb.* 821.)  And the rule holds mutually.  The heir alone can bring the action; and it should have been brought in his name.  He may have *warrantia chartæ;* but he cannot bring a personal action of covenant.  This is the ground of our objection that the action cannot be maintained by the surviving tenant. The right is real property, not personal.  The action must be brought by the heir of the deceased grantee, against the heir of the deceased grantor.  The recovery is of land.

There is, perhaps, no ground for our objection that the action is brought by the surviving grantee, if the claim be, in truth, a personal one, which would pass to an executor on one side; and can be enforced against him on the other.

Nor do I, upon this general demurrer, feel any great confidence in the objection to the manner of setting forth the title of, and eviction by the people.

*Curia, per* WOODWORTH, J.  It is contended that the action cannot be sustained upon the warranty; it being a covenant real, and not binding on the personal representatives of the testator.

I am not aware that this question has been expressly decided in our courts.  Actions have been sustained on the covenant of warranty; but this point seems not to have been raised, or noticed by the court or counsel.  The causes were disposed of on other grounds.

UTICA,
Aug. 1826.

Townsend
v.
Morris.

Thus, in *Kent* v. *Welch*, (7 *John.* 258,) the plaintiff declared on a deed, whereby the defendant gave, granted, bargained and sold a tract of land; and engaged to warrant and defend; it was held that no action could be maintained, either on the implied or express covenant, without alleging and proving an eviction; and that the express warranty qualified and restrained any implied covenant of seisin, arising from the word *give.* From this case, it may be inferred, that the form of action was not considered objectionable; or it would have been suggested, inasmuch as the evidence there required, would, under any form of pleading, have been unavailing, if the objection now taken is well founded. So also in *Withy* v. *Mumford*, (5 *Cowen*, 137,) the action was covenant for breach of a warranty. The defendant demurred, on the ground that his grantee conveyed to the plaintiff with warranty. It seems to have been taken for granted, that a personal action was sustainable; for the point was not even discussed.

As this is a fit occasion, I will briefly state my views on the question.

At common law, a warranty was the foundation of a voucher, by the tenant, when impleaded; and if he lost the land, he might have judgment to recover of the warrantor other lands to the value. It is of feudal origin. According to 2 *Bl. Com.* 301, warranties were introduced in order to evade the strictness of the feudal doctrine of non-alienation without the consent of the heir. *Butler*, in his note 315 to *Co Lit.* 365, *a.*, observes of the doctrine of warranty, that "the effect and operation of warranties having, by repeated acts of the legislature, been reduced to a very narrow compass, it is become in most respects a matter of speculation, rather than of use." The use of this covenant is superseded by the introduction of other personal covenants. In many, if not in most cases, there is no occasion for resorting to the covenant of warranty. In some, however, it is the only express covenant inserted. With us the remedy by *warrantia chartæ*, or voucher, may be considered obsolete. No case of the kind has

been reported in this state, if any ever existed. The reasons upon which it is founded in *England*, do not apply here; our tenures being allodial, not feudal. The term *warrant*, as applied to real estate in that country, having obtained a technical and legal signification derived from feudal principles; I do not perceive the necessity, so far as regards the remedy or form of action, of understanding the term in the same sense, when used here. If effect is given to such a covenant by action to recover damages, as on a warranty of things personal, I apprehend no principle of law will be violated. Such a construction will, no doubt, correspond with the intention of the parties; while the ancient remedy is inconsistent with what must be supposed to be the intent. That remedy may frequently become illusory, as where the proceeding is against the heir : the obligation to yield other lands is only on condition that he had other sufficient lands by descent from the warranting ancestor. (2 *Bl. Com.* 302.) As the right to bring a personal action seems never to have been made a question in our courts; from the inadequacy of the remedy by *warrantia chartæ ;* from the fact that the covenant of warranty singly, has been generally deemed sufficient, and as giving a remedy by personal action; and more especially as the reason of the doctrine is foreign to our institutions and laws, I think it may safely be concluded that an action of covenant is sustainable on a deed with warranty.

In *Massachusetts*, the law has been so considered. In *Gore* v. *Brazier*, (3 *Mass. Rep.* 544,) chief justice *Parsons*, in commenting on this subject, observed, that " the remedy to recover a recompense in other lands, to the value, existed very anciently, when the principal consideration received on the alienation, was the services to be performed by the tenant. But when lands were aliened for money, and when the alienor might have no other lands to render a recompense in value, it became expedient that another remedy for the purchaser on eviction, should be allowed." He further adds, " It is certain, that before the emigration of our ancestors, the tenant on being lawfully ousted by a title paramount, might maintain a personal ac-

tion of covenant broken, on a real covenant of warranty." 1 *Brownl.* 21, and 2 *Brownl.* 164, 165, are cited. (*a*) The same doctrine is laid down in *Marston* v. *Hobbs*, (2 *Mass. Rep.* 438.)   If this position be correct, then even according to the English law, this action may be maintained ; the grantees having been expelled by lawful right and title.

It follows that if the covenant is personal, the representatives are liable ; and the grant being to two, who were evicted in their life time, the action is well brought by the survivor.

Judgment must be rendered for the plaintiff ; with leave to the defendants to amend.

Judgment for the plaintiff.

(*a*) *Waters* v. *The Dean* and *Chapter of Norwich*, 9 & 10 *Jac.* in a personal action of covenant ; on a covenant in a lease by the defendants to the plaintiff for three lives.   The covenant was *to acquit and save the lessee harmless*, during the term, against any previous lease by the lessors, or their predecessors.   (Vid. 2 *Brownlow*, 158.)   The main question was, whether the covenant was binding, the lease being voidable ; and held that it was ; and judgment for the plaintiff.