## Case No. 17,004.

### VORHIS v. FORSYTHE.

[4 Biss. 409.] [1]

Circuit Court, N. D. Illinois.    March, 1864.

#### BREACH OF COVENANT—TAX DEED.

1. It is not a breach of the covenant of warranty of seizin to show a conveyance by the defendant's grantor subsequent to the conveyance to defendant; it should be alleged that there was a valid and subsisting title in the grantor at the time the deed was made, upon which the breach is alleged.

2. A judgment for taxes, sale, and tax deed, constitute a breach of the covenant, and it is not a good plea that the sale was not valid.

Action on covenants of warranty and seizin, and defendant demurs to breaches.

DRUMMOND, District Judge.    In this case the defendant sold to the plaintiff certain lots

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

in Peoria. The deed contained a covenant of warranty of seizin, of a good right to convey, and that the land was free from incumbrance. The plaintiff, on the ground that there was a breach of the covenants, has brought an action against the vendor upon the covenants that the vendor was lawfully seized of the premises and had a good right to convey, and that they were free from incumbrance, and has set forth various breaches of the covenants.

The first is that one Bogardus had a right of pre-emption on the land, and that having this right the land was purchased of the United States, and a patent was granted to him on the 5th day of January, 1838. This is claimed to be a breach of the warranty that the land was free from incumbrance. The plea alleges that this was only an apparent and not a real title in Bogardus. I think this is an answer to this breach, for the reason that it does not appear upon the face of this averment, that it was in itself, and necessarily, an incumbrance upon the land.

The ground taken by counsel is, that although the government of the United States may have conveyed the land to the party through whom the defendant claims, yet having conveyed it afterward to a third person and given a title of record, that constitutes an incumbrance. I do not think it follows that it is an incumbrance within the meaning of the warranty. The effect of it would be this, that if A granted land to B and afterwards granted it to C, that the grant of the land to C would be an incumbrance notwithstanding A had previously granted it to B. It must appear on the face of the declaration that it is necessarily a burden or incumbrance on the land. I do not think that appears, or if it does it is done away with, by the answer given to the breach.

Then, as to the other plea, I think that is also sufficient; that he had a good right to sell and convey the land. The allegation now is that the pre-emption title of Bogardus was, and still is, a valid title at law and in equity. The only question is whether this averment is sufficient to show that there was a valid subsisting and outstanding title. There is some doubt, perhaps, whether the true construction of it is that there was at the time a valid subsisting title in Bogardus. We are inclined to think that the pleader had better set forth in whom there was a valid subsisting title, so as to show that there was an outstanding title. If the necessary construction of this averment is that there was a subsisting title in Bogardus, then it would be good. In order to avoid all misapprehension, I think the pleader had better state that there was a valid and subsisting title in some person at the time the deed was made upon which the breach is alleged.

The other breaches in the declaration are substantially that the land was taxed by the state, that it was sold for the non-payment of the taxes, judgment obtained, and a deed executed. An objection was taken to the declaration on the ground that it was not averred that this tax sale was valid. The court overruled the

objection, for the reason that it appeared prima facie that it was.

The answer as put in now is that this was not a valid sale. Admitting that to be true, is it a bar to the action? It is claimed that a tax sale unwarranted by law, although it might be under a judgment followed by a deed, does not in point of fact constitute an incumbrance on the land within the meaning of the clause in the deed that it was free from all incumbrance. Did it in law constitute technically an incumbrance? I am inclined to think it did, because it appears to be a burden upon the land, and it is better to hold in this way and to allow the other questions to arise on a claim for any damages which the party is entitled to cover.

I think there is a good deal of learning on this subject and some conflict in the authorities, but it strikes me when a man buys a piece of land from another and the vendor warrants it free from all incumbrance, the true meaning of it is, that there should be nothing on the land, neither burden nor tax. Take the case of taxes. Now the tax may never ripen into a real incumbrance, and yet the courts have held it is a breach of that warranty which declares the land is free from incumbrance. Take the case of dower. It may never ripen into an incumbrance, yet the courts have held it a breach of the warranty.

The question comes up when a party seeks to recover on a breach of the warranty, whether there is any real damage or not, whether there has anything been given or paid for dower, or whether dower has been set apart, or whether taxes have incumbered or clouded the title and the party has been obliged to pay anything to free the land from the burden. Now it might happen in this case that the judgment and precept and the sale of the land for taxes might not be of such a character as to constitute a title. Most of us who have much experience in tax sales know that a great majority of them are invalid, and yet no prudent man would like to have such a burden as this stand upon his land, and he might feel it his duty to relieve it, and it would be competent for him to do so, or he might go into equity to relieve the land from this apparent burden. If obliged to do that I think there can be no doubt he might call upon the warrantor to respond to him in damages. I therefore hold that the pleas which aver that these sales which were made under the judgments were invalid, do not constitute technically a bar to the action, but it is still maintainable; but it is not necessary to hold that the rule would apply to a title set up without judgment or precept.

The second breach now states that a portion of this property covered by the deed was assessed for taxes; that it was sold under a judgment obtained for the non-payment of the taxes, and that a certain party became the purchaser, and a deed was made for the premises; and there is an averment that at the time of executing said covenant by said defendant one N. H. Burch was in actual possession of said lot, etc. This, I think, establishes prima facie that there was a valid subsisting incumbrance by showing that there was an assessment of the land for non-payment of taxes; that there was a judgment of a court, and that there was a precept, sale and deed; that there was a party actually in possession under that deed, claiming possession of the land. That, I think, is a breach of the warranty.

There is an objection to the third breach, and here the same remark applies. The only averment is that there was a deed executed to O'Gray, which deed was recorded, and that the record was a matter of public notoriety in the county of Peoria. What we want is that there should be an averment in this breach, alleging that there was an outstanding title in some person at the time the deed was executed.

The ninth and eleventh breaches are bad, for the reason that it does not affirmatively appear on their face that there was a valid subsisting incumbrance upon the property at the time the deed was executed.

. NOTE. For a definition of incumbrances, and what are deemed such, see Rawle, Cov. (4th Ed.) 94 et seq.; 2 Greenl. Ev. § 242; Prescott v. Trueman, 4 Mass. 627. Right of dower, whether inchoate or otherwise, is an existing incumbrance amounting to a breach of this covenant. Rawle, Cov. 96, and note 4; Shearer v. Ranger, 22 Pick. 447; Porter v. Noyes. 2 Greenl. 22; Runnells v. Webber. 59 Me. 488; Russ v. Perry, 49 N. H. 547; Carter v. Denman, 3 Zab. [23 N. J. Law] 260; Jeter v. Glenn, 9 Rich. Law, 376; Henderson v. Henderson's Ex'rs, 13 Mo. 151; Hatcher v. Andrews, 5 Bush, 561; McAlpin v. Woodruff, 11 Ohio St. 120. Even a possibility can be an incumbrance. Anon., Moore, 249 pl. 393; Haverington's Case, Owen, 6. The plaintiff must not merely negative the words of the covenant, but set forth an incumbrance in his declaration. Rawle, Cov. 114, and note 2; Marston v. Hobbs, 2 Mass. 433; Bickford v. Page. Id., 455; Mills v. Catlin, 22 Vt. 98; De Forest v. Leete. 16 Johns. 122; Shelton v. Pease, 10 Mo. 473. But it is advisable to set it forth only substantially, to prevent a variance. For illustrations see Foster v. Pierson, 4 Term R. 617; Dewall v. Craig, 2 Wheat. [15 U. S.] 45; Morgan v. Smith, 11 Ill. 200.