By the Court, Robertson, Ch. J.
The liability of the defendant in this action depends entirely upon that of the obligee of the bond, which forms its subject, upon his covenants contained in’ the conveyance by him in the defendant, which formed the consideration of such bond. If, upon any of such covenants, the obligee. in such bond was liable to refund the whole amount of purchase moneys with interest and expenses, the defendant would, of course, not be liable at. all upon a bond which formed the consideration, for-such conveyance; but.if such obligee were liable on such covenants, for a less sum only, the plaintiff would be entitled to recover merely the difference between such sum and the amount-.of such bond. The defense of a- failure of. consideration for a contract is allowed simply to prevent circuity of action, particularly in case of an action.for the recovery of any unpaid portions of-the purchase money of real .estate, where the conveyance to the purchaser contains covenants' respecting it. (Platt v. Gilchrist, 3 Sandf. 118.) Of course, where the amounts of the two recoveries would not.be the same,.a complete defense to a bond for the purchase money would not.be made out,.although by way of recoupment or counter-claim, the, amount paid by the purchaser, to remove the defect covenanted: against, might be deducted from the recovery for the purchase money unpaid.
. :By the purchase. by the defendant of the premises in question, with others, upon the foreclosure of the original mortgage upon .them, if he had taken the deed for them to himself, he would- have become entitled to recover, on the covenant for quiet possession in the conveyance; to him, the proportion of the'amount which he so paid which was. chargeable against the premises in question for their share, of the burden of such mortgage, (Hunt v. Amidon, 4 Hill, 345;) he would have been entitled to recover only the same amount on the covenant against incumbrances. (Hall v. Bean, 13 John. 105. *213 DeForest v. Leete, 16 John. 122.) The rule of damages would, of course, also be the same on the covenant of warranty in such conveyance, although it covers the title as well as the possession ; since a conveyance in such foreclosure suit to the present defendant would equally have prevented his title from being affected by the mortgage foreclosed. Indeed, it is doubtful whether any action could be maintained upon such covenant at all where the defendant had not been actually evicted. (Kent v. Welch, 7 John. 258. Miller v. Watson, 5 Cowen, 195.) If the doctrine laid down in Waldron v. McCarty, (3 John. 471,) as to recovery under a covenant for quiet possession in consequence of such purchase, were applicable to a covenant of warranty, no such action would lie. If the doctrine of equitable or presumptive eviction, first started in Hunt v. Amidon, (ubi supra,) is to govern, the liability upon both covenants would be the same. If that be so, the result of a purchase of land by its owner, upon a foreclosure of a mortgage existing prior to his acquisition of title, would give him simply- a right of action on covenants in the deed to him, to the extent of the amount paid by him to relieve such land from the burden of such mortgage, precisely as if no foreclosure had taken place.
There would be no hardship in applying such rule in this case. The plaintiff attended the sale under the foreclosure, and endeavored by bidding to become the purchaser of the land, and thereby be enabled to complete the title of the defendant, and relieve it from the incumbrance of such mortgage; the defendant thwarted him in such purpose, by bidding against him, thereby compelling him, if he became the purchaser, to pay a larger amount; but by the land being struck down to the defendant, he became the equitable owner of an indefeasible title thereto, and assignee of the mortgage. His subsequent transfer of such right to a third person could not divest the obligee in the bond in question, of the right thereby acquired by him to a reduction of his liability on the covenants in his deed to the defendant, to such'share of the amount paid by the latter as was justly chargeable against the prem *214 ises, to relieve them from such mortgage. Such being the case, the plaintiff, as assignee of such obligee, would be entitled to recover on such bond at least the excess of the amount due by its condition over the sum for which such obligee was so liable, if no more.
The eviction of the defendant from the premises in question, under the sheriff's deed, to his vendee in the foreclosure suit, was not the act of the law, or the necessary and legitimate consequence of the existence of the mortgage foreclosed, and the action upon it; it was the result of the defendant’s own voluntary sale of his interest acquired under the striking off of the premises to him, and allowing his vendee to take the deed; as much so as if he had taken a deed directly from the sheriff, and executed a new conveyance. By intervening, he lost his right to recover back the whole purchase money, if paid, or resist its recovery, if unpaid, and elected to confine himself to a claim for money necessarily spent to make his title complete. No subsequent sale by him of that title could re-create a liability of the obligee for the whole purchase money, by way of damages for breach of the covenants in his deed.
The preceding view renders it necessary for this case to go back for a new trial, when the questions of any additional consideration having been given for the bond in suit, beyond the conveyance of the land in question, and the right of the defendant to apply the sum paid by his vendee on the foreclosure as damages for breach of the covenant in the deed to him, and the amount taken by the plaintiff, out of court, in satisfaction of any part of,the claim of the plaintiff, as a bona fide purchaser of such bond, may be disposed of. It is not necessary now to express any opinion on those points.
The judgment should, therefore, be reversed, and a new trial had, with costs to abide the event.