Doctors' Service Corps, Inc., Plaintiff, *v.* John Russell and Ralph J. Russell, Defendants.

Supreme Court, Queens County, October, 1923.

Judgments — partial judgment — action to recover for services by physicians — admissions in answer — when rule 114, Rules of Civil Practice, does not apply.

In an action to recover for services alleged to have been rendered by physicians to defendant's son upon the agreed and of the reasonable value of $1,300, the answer, after admitting the rendition of certain of the services but denying that the same were worth that sum, alleged they were worth not exceeding $400. *Held*, that a motion under rule 114 of the Rules of Civil Practice for final judgment in plaintiff's favor for $400 and that the balance alleged to be due, if any, be determined upon the trial, will be denied as *non constat* but a jury might conclude that the services were worth less than $400.

Motion for final judgment under rule 114, Rules of Civil Practice.

*Morris P. Schaffer*, for plaintiff.

*Eugene V. Daly*, for defendants.

Dike, J. This is an application for an order under rule 114 of the Rules of Civil Practice seeking to award final judgment in favor of the plaintiff for the sum of $400 alleged to be due and owing this plaintiff and that the balance due, if any, may be determined upon a trial of this action. The action is brought to recover compensation for professional services alleged to have been rendered by two doctors upon the agreed and reasonable value of $1,300. The claims of the doctors have been assigned to this plaintiff. The defendant John Russell, the father of Ralph J. Russell, against whom judgment is sought for the sum of $400, in his answer admits that certain services were rendered to his son, Ralph J. Russell, by plaintiff's assignor, denies the value of the services and denies that the same were worth the sum of $1,300, and then, to quote the exact words of the answer, " that the same were worth not exceeding four hundred ($400.00) dollars." We have, therefore, in the answer of John Russell practically a general denial to the material allegations and a qualified admission at best as to the damages. The Rules of Civil Practice are appealed to by the plaintiff, who asks for judgment against the defendant John Russell for the sum of $400 (Rule 114, Partial Judgment): " If it appear that such

defense applies only to part of plaintiff's claim, or that any part be admitted, the plaintiff may have final judgment forthwith for so much of his claim as such defense does not apply to or as is admitted on such terms as may be just, and the action may be severed." This is a new provision. It is summary in its provisions and the section is based upon the English Practice Act (Order 14, rule 4). The English section concludes: "And the defendant may be allowed to defend as to the *residue* of the plaintiff's claim." The section provides for a severance. Judgment is permitted for the admitted portion, and the case is to proceed for the balance, " the residue." But how could there be a proper severance of the action when it is not determined by what amount the full claim contained in the complaint should be reduced? The language contained in the alleged admission should be explicit, positive and definite as to the admitted and conceded indebtedness. Wherever there is obscurity, ambiguity or uncertainty it would not be possible or in conformity with the section as I read it to fix upon a figure which would represent the admission of specific indebtedness by the defendant. The defendant John Russell does not set forth in his answer that $400 is the amount due, but places that at the outside figure. *Non constat* but what a jury might conclude that the services were worth less than $400 if the issues had been presented to it. One of the old cases in the Court of Common Pleas (*Thompson* v. *Lumley*, 7 Daly, 74, 77), in an action to recover damages for a malicious prosecution and the averment being that plaintiff was compelled to pay " about seven hundred dollars * * *. As Judge Pratt said in *De Forest* v. *Leete* (16 Johns. 122, 127), 'A material and traversible fact,' it would not avail in the present case, where the averment is not that seven hundred dollars was paid, but *about* that amount, making it still necessary for the plaintiff to show upon the assessment what sum *was* paid." I, therefore, conclude that the statement of the defendant that is sought to be held an admission of indebtedness to the extent of $400, is in fact not such an admission as is contemplated by rule 114. The motion is, therefore, denied, with ten dollars costs to abide the event.

Ordered accordingly.