Van Ness, J.
That a personal action once suspended, by the voluntary act of the party entitled to it, is for ever gone and discharged, is a rule as well settled as any in the law.‡
It is equally well settled, that if a creditor appoint his debtor his executor, such appointment, if the debtor takes upon himself the burden of the execution ofthe will, shall operate as a release,§ or extinguishment of the debt. But to the latter rule there are many exceptions, and the leaning of courts of justice has, of late, been in favour of restricting its generality, and it is, perhaps, to be wished, that it never had existed.
The defendant, by her plea, admits that she has in her hands assets, unadministered, to the amount of 1,160 dollars and 83 cents, which sum, it. is clear, she would have a right to apply toward the discharge of the judgment in question, if her appointment, as executrix of Alexander Thompson, did not operate as a complete release or extinguishment of it. I notice, particularly, the fact that the defendant has assets, as administratrix of Alexander Thompson, jun. to nearly the amount ofthe judgment,, as that will be found important, when I consider a case cited on the argument by the defendant’s counsel, to show, that the present case is not within the rule which I have first laid down.
The appointment of the defendant, as executrix, by Alexander Thompson, after he had obtained the judgment against her as administratrix of his debtor, Alexander Thompson, junior, was his own act. Upon his death, and *474 after his will had been proved, the remedy for enforcing the payment of the debt was, by this act completely suspended. The circumstance, that two other persons were executors with the defendant, does not vary the case; for it has been held, that where the creditor makes his debt- or and others his executors, the debt is discharged on the ground, that one executor cannot sue another for a debt due from one of them to the testator. The cases go still further : where the debtee makes one of a number of joint and several obligors his executor, the debt is gone, on the ground that a release of one obligor is a release to all. Nay, if the debtor make even the wife of one of several obligors his executrix, the effect is the same, and this, because she cannot unite in a suit against her husband ; and the remedy, being suspended by the act of the party entitled to it, is extinct. The case before us is much stronger than those which I have mentioned, and is clearly within the first rule I have stated.
In order to determine when a suspension of the remedy works an extinguishment of the debt, Holt, Chief Justice, in 4he case of Wangford v. Wangford,* says, that when the same hand is to receive that ought to pay, that amounts to an extinguishment. This applies with full force to the case before us. Here the defendant, as executrix of the judgment creditor, Alexander Thompson, had a right to receive the amount due on the judgment, and having assets as administratrix of the judgment debtor, she ought to pay. The judgment, consequently, by hier appointment as executrix, (tjie will having been proved.) is extinguished.
But I am inclined to think that the present case is, also, within the second rule. The effect of this judgment was to render the defendant, in case of failure of asssts, liable in her individual, as well as representative capacity; that is to say, if the fund in her hands, as administratrix, proved inadequate to the payment of this judg *475 mcnt, or if she had applied it to other purposes, properly or improperly, her own estate would have been liable.* When Alexander Thompson, therefore, made her his executrix, she was personally his debtor, and so clearly within the rule, that when a creditor makes his debtor his executor, the debt is released or extinguished.
I will now briefly notice the.cases relied upon by the defendant’s counsel, on the argument. The first is from Bacon's Abridgement.† It is there laid down, “that if the debtee makes the executrix of the debtor his executrix,-and dies, this is no extinguishment, because the executrix is entitled to the same, not in her oivn right, but in the right of another. In support of this proposition, Bacon cites the case of Dorchester v. Webb.‡ On examination, that case will be found not to support it. It was this: Anno Dorchester, executrix of Anne Rowe, brought debt on an obligation against Webb: The defendant-pleaded, that John Dorchester, late husband of the plaintiff, Anne Dorchester, and the defendant, Webb, were obliged, in this bond to Anne Rowe, jointly and severally, and that John Dorchester died, and made Anne, his wife, and the obligee, Anne Rowe, his executrixes, and that Anne Rowe renounced, and Anne Dorchester administered, and that assets to pay the said debt came to the plaintiff, Anne Dorchester; the plaintiff replied, confessing the will of John Dorchester, and that Anne Rowe, the obligee, had renounced, but that the said Anne Dorchester had fully administered all the goods of John Dorchester ; and, afterwards, the said Anne Rowe made the plaintiff, Anne Dorchester, her executrix, and that neither at the death of the said Anne Rowe, nec unquam postea, any goods of the said John Dorchester came to the hands of the plaintiff. And upon this the defendant demurred. The court gave judgment for the plaintiff, but for reasons arising out of the peculiar circumstances of the case, and in no wise irreconcilable with the general current of the *476 authorities on this subject. It appearéd, and stress is laid upon it by the court, that at the time the plaintiff was made executrix of Anne Roioe, she had fully administer-ed all the assets in her hands, as executrix of her husband, John Dorchester, one of the joint and several obligors, that so the plaintiff had, “ in a manner, discharged herself of being executrix of John Dorchester, and had not any of his estateand the court conclude by saying, “wherefore since she,” the plaintiff, “ having fully administered all the goods of John Dorchester, and not being chargeable for that debt, as executrix to John Dorchester, she, as executrix to the said Anne Rowe, may maintain the action against Webb, the other obligor.” The ground upon which this decision is made, manifestly is, that the plaintiff, at the time she was made executrix to Anne Rowe, had fully administered the assets in her hands, as administratrix to her husband, John Dorchester, one of the obligors. That case, therefore, is not within the rule laid down by Holt, Chief Justice, before mentioned, that when the same hand is to receive that ought to pay, the debt is extinguished ; because- the plaintiff, Anne Dor-chester, having no assets of her husband, though she was the person having a right to receive, she was not the person who ought to pay. And this will be found to be fully supported by the opinion delivered by Holt, in the case of Wangford v. Wangford.*
The case of Fryer v. Gildridge,† has a strong bearing upon the one now before us, and the first resolution of the court there will also be found not to be entirely reeoncile,able with the decision in Dorchescer v. Webb.
After a full consideration of this subject, and a recurrence to the authorities, I am clearly of opinion that the judgment in question, under the circumstances of this case, is extinguished. And I am also inclined to think, that inasmuch as the defendant was personally liable for this judgment, at the time she was appointed executrix *477 of Alexander Thompson, in the event of the failure- of the assets of the estate of Alexander Thompson, jun, that the judgment, for that reason, is also discharged and released, and that, therefore, the plaintiff is entitled to judgment.(a)
Kent, Ch. J. and Spencer, J. were of the same opinion.
Judgment for the plaintiff'.

 Sir John Needham’s case, 8 Rep. 136. Co. Litt. 264. b. note 1. Hob. 10. 1 Salk. 299. Cro Car. 372. 1 Bos. & Pull. 630. Toller's Law of Exec. 347, 348.

 Cro. Car. 372.

 1 Salk. 306.

 1 Saund. 219. a. note. 336 note 10. 337 note 1. 3 Term, 685. 1 Atk. 292.

 3 Bac. Ab. 119. Exec. & Adm. A. 10.

 Cro. Car. 372.

 1 Salk. 306.

 Hob. 10.

 The appointment of a debtor as executor of the creditor, and his acceptance of the trust, do not extinguish the debt by the law of Massachusetts. Winship v. Bass, 11 Mass. 199. It is a general rule that if a creditor appoint his debtor executor, and ho do not renounce, such appointment operates as a release or extinguishment of the debt. 2 Cowen, 781. But the rule does not hold good where there is a deficiency of assets to pay debts; and whenever from the whole will, it appears that it was the intention of the testator to discharge the debt by making his debtor executor, then the executor shall be trustee to the amount of the debtfor the legatees or s ;