VANDERKARR *against* VANDERKARR.

Where there is· an *express* covenant in a deed, it takes away all *implied* covenants. A *general* covenant of *warranty* in a deed does not imply a covenant of seisin, nor can the want of *seisin* in the grantor, or that he had no such land as, &c. be assigned as a breach of the covenant of *warranty:* nor can the plaintiff maintain an action for a breach of the covenant of warranty, without alleging and proving a lawful *eviction.*

THIS was an action of covenant. The declaration stated that the defendant by his deed, dated 25th *April,* 1810, granted, bargained, and sold to the plaintiff, all the undivided part of lot No. 120. in *Van Schaick's* patent, containing, 120 acres, &c. to have and to hold, &c. And covenanted, the premises, &c. to the plaintiff and his heirs and assigns, " against all and every person or persons lawfully claiming, or to claim, the whole or any part of the premises, &c. to *warrant* and *defend.*" The plaintiff alleged, 1. That the defendant, at the time of the sealing and delivering of the deed, was not *seised,* &c. 2. That at the time, &c. there was not, nor is there at this day, any such land, &c. as lot No. 120. in *Van Schaick's* patent, described in and by the said indenture, &c. And so he saith, the said defendant hath not kept his covenant, &c.

To this declaration the defendant demurred, and assigned for causes of demurrer: 1. That in the breach first assigned by the plaintiff, there is no breach of the covenant of *warranty* alleged, and the want of seisin or title is not within the covenant, nor a breach of it; 2. Because, in the second breach assigned, the plaintiff does not allege that he was evicted by a person having the lawful title; and, 3. Because the plaintiff puts in issue, under the covenant of warranty, the facts whether the defendant was seised, &c. and whether there was any such land as is described in the deeds at the time, &c.

The plaintiff joined in demurrer, and the same was submitted to the court without argument.

*Per Curiam.* The breaches assigned ·in the declaration are not warranted by the covenant. The only express covenant set out is a general warranty. And it is a well settled rule that all implied covenants are done away by express ones. (2 *Caines' Rep.* 192.) It is unnecessary, therefore, to notice the general words in the deed; although they certainly imply no covenant of seisin. Under the general covenant of warranty, the breaches assigned are, want of seisin, and that there is no such land as that described in the deed; neither of these are

within the covenant. The former can only be properly assigned, under a covenant of seisin; and the latter amounts only to an allegation that the grantor had no estate in the land which he undertook to sell, or that it is not truly described in the deed. These are no breaches of the covenant of warranty, according to the decision of this court in the case of *Kent* v. *Welch.* (7 *Johns. Rep.* 258.) It is a well settled rule, that under a covenant of warranty, the plaintiff must show a lawful eviction in order to maintain his action. (2 *Johns. Rep.* 4.) No eviction whatever is shown in the present case. The declaration, therefore, cannot be supported, and the defendant is entitled to judgment.

Judgment for the defendant.