Taylor, C. J.
It is a general rule that a covenant for quiet enjoyfnent is not broken without an eviction by bet" ter t-t|e . i3Ut 'lt js -wholly immaterial whether the eviction is effected by legal process or by private disturbance and molestation. 'fhis point was made in one of the cases cited for the Plaintiff, but afterwards abandoned as untenable, But if a legal recovery were necessary, I should not hesitate in considering the judgment in an action of trespass quare clausum fregit, as effectual fqfr that purpose ; because it is, in this State, a common and convenient mode of trying the title to land, of which there is no actual possession ; and because enough appears in the aver-ments of the declaration and the statement of .facts, to satisfy me, that the title Was put in issue in that very suit. It Would be a strange method of warranting a title to land, to leave the purchaser exposed for ever, to a legal claim of damages whenever he exercised the least act of owner» ighip over it,
*199 With respect tó M'Kethan's judgment, it must be proper evidence to a certain degree, in order to shew the eviction ; but I think it has been decided by this Court in the case of Shober that it is not conclusive upon the seller so as prevent him from showing in ati action upon the warranty, that he has in fact a better tide than the rccoveror.
Daniel, J.
It is contended in support <ff the demurrer, that the covenant contained in the deed* is nothing more than a covenant for quiet enjoyment, and as there is no allegation in the declaration, of an entry and eviction under a lawful title, by legal process, the Plaintiff is not entitled to maintain hi§ action.—It is a well settled rule, that, under a covenant of warranty the Plaintiff rau^ show a lawful eviction in order to maintain his action.* And the plain reason is this, if the eviction is nor lawful, by some person having a bettej right to the possession, covenantee would always be able, through the medium of the Courts of Justice, to maintain his possession and recover domages for the interruption ; but if the eviction is lawful, the covenantee has no other remedy but oil his covenant for quiet enjoyment. † If the parties had inserted a covenant of seisin in the deed, and a breach had been assigned on that covenant, the ease would have been very cleár. i" We are now called on to say whether there does not appear sufficient in this case to authorise the Plaintiff to recover on the covenant contained in the deed, under the circumstances attending it; or in other words, whether it was necessary for the Plaintiff to allege and prove that he had been evicted by a legal title in an actfort of ejectment. Jt appears by the case, that the Plaintiff by-virtue of the deed entered upon 'the land and had some .timber cut and carried away ; and the declaration states that M^Kethan, by a better title, entered»and held him out of possession. On'an examination of the British authorities, it does n%t appear to be necessary for the Plaintiff to show an eviction, in consequence of an action brought *200 against him and a recovery j it is sufficient, that he state in his declaration, that he was turned out of possession by one who had the legal title.* In the present case the title was fairly tried, the Defendant, (I. Shaw) had notice defend > whether he did or riot, does not appear from the case. The land being woodland, and no actual pos? session, the possession thep followed the title, and that the Court and Jury said was A M'Kethan, This i§ equiva* lent to an eviction under, legal process.
Ruffjn, J,
I am of opinion that the recovery in the action of trespass against the Plaintiff, as set forth in the declaration, is such a disturbance of his possession as will form a Jireach of the Defendants covenant for quiet pos?. session—In that respect it is tantamount to an actualevic? 4ion—But likp an eviction, it must be upon prior and paramount title to enable the Plaintiff to recover—Here such a title is stated in the declaration and admitted by the de? muf-rer—Wherefore X think the demurrer must be over? ruled.

9 Jo ns. Rep. 4 Johns. 473 7 Johns 258 11 Johns. 122.

 Ibob. 34, 35. Cro. Eliz. 914. Cro.Jas 425.

 Term 617, 620. 2 Wms. Saunders 181 Note 10.