Judge Wright
delivered the opinion of the court:
An administrator can not legally apply all the assets in his hands to be administered, to the full payment of one creditor and •the entire exclusion of another. If the estate is insolvent, the law points out the mode of distribution. After the personal expenses .and those of the last sickness and of administration are paid, other creditox’S come in for a pro rata distribution. If the estate be solvent, it is the duty of the administrator to convert, it into .assets, if personal; and in case of a deficiency of personalty, then to proceed to the conversion of so much of the realty into assets as may be neeessaxy to pay the debts and close up the estate. If the •estate be insolvent, the administx-ator pays at his peril; and if he pay any one creditor more than his due proportion of the estate, he does so in his own wx’ong, and is liable to the unpaid creditor-.for his contxdbutory share, in the same manner he would if the as.sets were actually in his hands unadministered. 2 Johns. 475; 1 *77 Saund. 219, 336, n. 7; 3 Sid. 635; 1 Atk. 292. The plaintiffs are-therefore entitled to judgment. Indeed, it would seem under our" laws that an issue upon the plea of plena administravit is an immaterial issue, and might be struck out on motion.
Section 16 of the act of the general assembly, defining the duties of executors, etc., passed February 1, 1824 (sec 22 Ohio L. 126), which provision is incorporated into the revised act of March, 1831, section 29, page 353, provides that no administrator “ shall be made liable for more than the amount of assets which have-come or may come ” to his hands, “on account of having failed to-plead or make defense, or on account of any plea or pleas ” he may *“ plead to any suit or action whatever; but the judgment of the court, in all such cases, shall be de bonis testatoris, and shall only render such administrator liable for the amount of assets in his hands unadministered,” It was within the province of the legislature to prescribe the form of judgments against administrators, and their effect. In the act quoted it has done both. The intention of the act is manifest. There is no room left for construction or doubt. We are bound to carry the provisions of this law into execution. The judgment in this case; notwithstanding the plea, must therefore be de bonis testatoris. The effect of' the judgment is declared by the legislature.
Judge Collet dissented.