By the Court,
Bronson, J.
As the premises were at the time unoccupied, the defendant’s de'ed of bargain and sale to Price carried the legal seisin of the land, which subsequently passed by the deed of Price to the plaintiff And besides, the pleadings admit that the two grantees respectively entered and were seised of the land. The only question is upon the ouster of the plaintiff. Blodget, having a paramount title, entered and put Gill in possession as his tenant, who still holds the land. Was that such an eviction as would give the plaintiff an action on the defendant’s covenant ? On an express covenant of warranty or for quiet enjoyment in a deed, it is settled that there must be a lawful eviction in some form before an action can be maintained. (Waldron v. McCarty, 2 John. 471; Kortz v. Carpenter, 5 John. 120; Kent v. Welch, 7 John. 258; Vanderkarr v. Vanderkarr, 11 John. 122; Kerr v. Shaw, 13 John. 236; Webb v. Alexander, 7 Wend. 281; and see Rickert v. Snyder, 9 Wend. 416.) But the rule is otherwise on the covenant implied from the word demise in a lease for years, and the lessee may have an action if he has been kept out of possession by one having a title superior to that of the *645 lessor, although there has been no eviction. (Holder v. Taylor, Hob. 12 ; Grannis v. Clark, 8 Cow. 36.) But as covenants can no longer be implied in any conveyance of real estate, (1 R. S. 738, § 140,) the distinction which has been mentioned between cases upon express and those upon implied covenants has ceased to be of any importance in this state.
There are some dicta in the books which favor the opinion that there must be an eviction by process of law, but I have met with no case where the point was so adjudged. In Greenby v. Wilcocks, (2 John. 1,) the fact was mentioned by Spencer, J. that there was no averment in the declaration of an eviction by process of law; but, so far as related to the covenant of warranty, the decision turned upon the want of an allegation “ that the ouster was committed by any person having right, or superior title.” Both of those facts should have been alleged.. (Kelly v. The Dutch Church, 2 Hill, 105.) In Lansing v. Van Alstine, (2 Wend. 563, note,) Savage, C. J. said, “ that, to constitute an eviction by a stranger, there must be a disturbance of the possession under a paramount title by process of lawP But that remark was not necessary to the decision of the cause. It was an action of covenant for the nonpayment of rent, and the defendant pleaded in bar an eviction from three-eighths of the premises by a stranger. This made out a case for an apportionment of the rent, but not a good bar to the whole action ; and that was the point decided. And besides, the pleas stated an eviction by due process of law, to wit, by a judgment and writ of habere facias possessionem in ejectment. It is evident, therefore, that the question under consideration did not arise in that case. There are some other cases where an expulsion by legal process is mentioned,(a) and some of.the precedents in pleading are that way, but the point seems never to have been adjudged.
Upon principle, I can see no reason for requiring an eviction by legal process. Whenever the grantee is ousted of the pos *646 session by one having a lawful right to the property, paramount to the title of the grantor, the covenants of warranty and for quiet enjoyment are broken, and the grantee may sue. In Foster v. Pierson, (4 T. R. 617,) the declaration was upon the covenant for quiet enjoyment in a lease, and it was alleged for breach that a third person, having lawful right &c., entered and expelled the plaintiff. The defendant demurred on the ground, among others, that the declaration did not show an eviction “ by, or in pursuance of, or under any legal process of law but that point was abandoned on the argument, and judgment was rendered for the plaintiff. (See also 2 Saund. 181 b. note 10; Ludwell v. Newman, 6 T. R. 458 ; Hodgson v. The E. I. Company, 8 T. R. 278.) In Hamilton v. Cutts, (4 Mass. R. 349,) the . grantee voluntarily surrendered the possession to the rightful owner without suit, and this was held a sufficient ouster to entitle him to an ¿ction on the covenant of warranty. That decision was approved by this court in Stone v. Hooker, (9 Cowen, 154.) When the grantee surrenders, or suffers the possession to pass from him without a legal contest, he takes upon himself the burden of showing that the person who entered had a title paramount to that of his grantor. But there is no reason why such surrender, without the trouble and expense of a law suit, should deprive him of a remedy on the covenant. The grantor is not injured by such an amicable ouster. On the contrary, it is a benefit to him • for he thus saves the expenses of an action against the grantee to recover the possession.
It may be inferred in this case that the premises were unoccupied ; but the legal seisin was in the plaintiff. Blodget then entered and still holds the land by virtue of his paramount title. This was an ouster or disseisin of the plaintiff, and he is well entitled to an action on the defendant’s covenant.
Was the defendant at liberty to show that the consideration paid for the land by Price was less than the sum expressed in the deed ? I think not. That the consideration' clause in a deed is, as a general rule, open to explanation by parol proof, *647 has been fully settled in this and most of the other states. The cases on this subject were elaborately reviewed in M’Crea v. Purmort, (16 Wend. 460.) (b) But there are exceptions to the general rule, and this case is, I think, among the number. In Garrett v. Stuart, (1 McCord, 514,) Johnson, J. said, he was inclined to the conclusion that evidence might be received to show that the consideration was either greater or less than that expressed in the deed ; and a similar remark was made by Parker, C. J. in Bullard v. Briggs, (7 Pick. 533.) But the point decided in those cases has no direct bearing upon the question now before us. In Morse v. Shattuck, (4 N. Hamp. R. 229,) the action was upon the covenant of seisin in a deed which expressed a consideration of $900, and, for the purpose of reducing the damages, the defendant was allowed to prove that the consideration actually paid was only $100. And in a like action where the consideration expressed in the deed was only $1800, the plaintiff was allowed to enhance the damages by proving that the consideration actually paid was $2800. (Belden v. Seymour, 8 Conn. R. 304.) This -was held by three judges, Bissell, J. giving no opinion, and Hosmer, C. J, dissenting. There is one view of the question involved in these two cases—and I have met with no other decision to the like effect—which was not noticed by either of the learned courts 5 but which is, I think, entitled to a good deal of weight. Whatever be the price actually paid for the land, the parties may enter into such stipulations in relation to the title as they think proper. Covenants may be wholly omitted, or they may be so framed as to entitle the grantee to recover either more or less than he paid, in case he shall be evicted. When the deed contains no covenant but that of seisin or general warranty,. the consideration is not inserted as a mere matter of form, nor for the sole purpose of giving effect and operation to the deed; but it is inserted for the further purpose of fixing the amount *648 of damages to which the grantee will be entitled in case he is evicted. Takiqg the consideration clause and the covenant together, we find the agreement to be, that, in case the title fails, the grantor will pay and the grantee receive the particular sum specified in the deed ; and the one party cannot be required to pay more, nor the other to receive less than that sum, without a palpable violation of the contract. At least, such are my present impressions, though my brethren are inclined to a different conclusion. But it is not now necessary to decide the question.
In both of the cases which have been mentioned, the question arose between the original parties to the contract. The grantee sued his immediate grantor. But here the defendant’s grantee has conveyed to the plaintiff, who has been evicted, and he sues as assignee on a covenant running with the land. And whatever the rule might be if the question were between the original parties to the deed, the defendant is not at liberty to set up this defence against the plaintiff. The original parties knew of course what was the true consideration for the grant; but it is not so with third persons. They have no means of knowing what consideration was paid but from what the parties have said by the conveyance. The defendant covenanted with Price and his assigns. When he inserted the consideration and covenant in the deed, he virtually said to any. one who might afterwards come in as assignee, that he had received the whole five hundred dollars, and would stand bound to that extent that the title should not fail. The plaintiff acted upon that assurance and parted with his money, and the defendant should not now be heard to gainsay the admission. It is against good conscience and honest dealing to set up this defence, and the defendant is estopped from doing it; (Welland Canal v. Hathaway, 8 Wend. 480 ; Dezell v. Odell, 3 Hill, 221, per Bronson, J.) This point was virtually decided in Suydam v. Jones, (10 Wend. 180.) In that case the the plaintiff sued as assignee on the covenants of warranty and for quiet enjoyment in the defendant’s deed to one .Sandford— *649 the consideration expressed in the deed being $2500—and the plaintiff had been evicted by virtue of a mortgage for $2000, which was paramount to the title which the defendant conveyed. The defendant pleaded an agreement between himself and Sandford at the time the conveyance was executed, that Sandford should pay the mortgage as a pari of the consideration money for the land, and that the covenants in the deed should" not be considered as extending to the mortgage. This was in effect saying that only $500 of the consideration expressed in the deed had in truth been paid, and the plea was held bad. Sutherland, J., who delivered the opinion of the court, said,££ if the covenant passes to the assignee with the land, it cannot be affected by the equities existing between the original parties, any more than the title to the land itself.” And again, ££ to allow a secret agreement in opposition to the plain import of a covenant running with the land, to control and annul it in the hands of a bona fide assignee, would be a fraud upon such assignee which the law will not tolerate.” Although the plea was also thought bad upon other grounds, I see no reason for questioning the principle which has just been stated.
Many titles have been received upon the strength of covenants running with the land, and whatever may be the rule as between the immediate parties to the deed, it would work the grossest injustice to' allow the covenantor to go into the question of how much was actually paid for the land when the title has failed in "the hands of an assignee
New trial denied.

 See the dictum of Walworth, chancellor, to that effect in Hunt v. Amidon, (ante, 345,348.)

5) See Cowen & Hill’s Notes to Phil. Ev. p. 1441 et seq.