Mr. Chief Justice ShaRKey
delivered the opinion of the court.
The defendant in error instituted this action in the court below on the covenants in a deed of conveyance. The questions arise out of the defendant's demurrer to the declaration, and the plaintiff’s demurrer to the plea of the defendant which was filed when the demurrer was overruled.
The declaration seems to be founded on the breach of a covenant of seisin. The deed contains no such special covenant, *427 but the implied covenant, resulting from the use of the words “ grant, bargain, sell,” is relied on. The deed contains an express warranty of title. The declaration contains two counts. In the first the covenant is laid as having arisen from the words grant, bargain, sell; the breach is, that the grantor was not seised, and it concludes to the damage of the plaintiff as admin-istratrix. The second count sets out the deed, assigns the same breach, and concludes in the same way.
If the grantor had no title, as is averred, then the covenant was broken as soon as made, and the right of action accrued of course to McCaughan in his lifetime.
Without noticing the several grounds taken by the plaintiff in error, the case may rest upon one, as altogether sufficient to reverse the judgment. The deed contains an express covenant of warranty, which does away any implied covenant. The covenants raised by law from the use of particular words in the deed, are only intended to be operative when the parties themselves have omitted to insert covenants. But when the party declares how far he will be bound to warrant, that is the extent of his covenant. The law will not hold him bound beyond it. Cruise on Real Property, title Deed, 449. Vanderkarr v. Vanderkarr, 11 Johns. 122. Although the defendant did not set out the deed in the demurrer, yet it was set out at length in the second count, and this is sufficient, inasmuch as it is manifest that the two counts are on the same instrument. The demurrer to the declaration ought therefore to have been sustained, for which error the judgment must be reversed, and the cause remanded.