## BARTLETT *v.* PEASLEE.

The grantee of a right to grind at a corn-mill cannot maintain case against one claiming the mill under the grantor, for not keeping it in repair.

CASE. The plaintiff alleged that the defendant was, on the 1st day of January, 1843, the owner of a corn-mill, and that the plaintiff then, and during all the time since, had the right to grind his corn at that mill; that the defendant was bound to keep the mill in good repair for grinding corn, but has neglected and still neglects to do so, whereby the plaintiff has lost the benefit of his right.

The plaintiff offered in evidence a deed from Jacob Peaslee, under whom the defendant derived his title to the mill, dated on the 13th day of September, 1822, and duly executed, acknowledged and recorded, conveying to the plaintiff, among other things, an interest in the mill in question, by the following clause: " Also, a privilege for the said Jonathan Bartlett to grind all his own corn in the above mentioned corn-mill."

The plaintiff ground his corn in the mill till the year 1841; since which time the mill has become ruinous, and was removed by the defendant in 1845, without the plaintiff's consent.

The defendant was the owner of the mill, having derived the same through a deed of Peaslee, made after the deed to the plaintiff.

The defendant moved the court at the trial to instruct the jury that the plaintiff's right to grind corn at the mill continued so long only as the mill existed, and that the defendant might remove it when he pleased: That the plaintiff's right existed only till the mill was too ruinous to be repaired, and until it was necessary to rebuild it; and that the plaintiff could have no right in it after it was rebuilt; and that the plaintiff was bound to contribute to repair or rebuild the mill.

The court declined to instruct the jury as requested; but charged that if the mill was ruinous when it was taken down by the defendant, through his neglect to make ordinary and proper repairs, he was liable to the plaintiff for the damage suffered by him through his loss of the use of it during the time stated in his declaration.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside, on the ground of supposed error in the instructions of the court.

*H. F. French,* for the plaintiff.

*Amos Tuck,* for the defendant.

GILCHRIST, J. On the 13th day of September, 1822, Jacob Peaslee, deceased, conveyed to the plaintiff certain lands, in the description of which a certain corn-mill was named in the deed, and after the description the following clause is added : " Also, a privilege for the said Jonathan Bartlett to grind all his own corn in the above mentioned corn-mill."

The deceased owned the mill at the date of the deed, and the defendant holds it under a title acquired from the deceased since the execution of the deed.

The plaintiff enjoyed his right to grind at the mill till the year 1841. Since that time the mill has not been in a fit condition for use, and was taken down by the defendant in 1845, without the plaintiff's consent.

The plaintiff has brought case against the defendant, alleging that on the 1st day of January, 1843, and since, the defendant was bound to keep the mill in good and sufficient repair for grinding corn, but neglected to do so ; by reason of which the plaintiff lost the benefit of his privilege to grind his corn.

The court instructed the jury that if the mill, when it was taken down by the defendant, was ruinous through

his neglect to make ordinary and proper repairs, he was liable for the damage suffered by the plaintiff in the loss of his right during the period mentioned in the declaration.

The grant to the plaintiff was of a right to grind at the mill. The grantor had no right, therefore, to destroy the mill. He could not, nor could the defendant, claiming under him, do any thing that would obstruct the plaintiff in the enjoyment of the right or servitude thus created upon the soil. For any act of that nature, or attended with such necessary consequences, an action on the case would lie at the suit of the party disturbed.

But he who has granted an easement upon his own land is not bound to do more than to abstain from acts inconsistent with its proper enjoyment, unless there is a covenant, either by express terms, or by implication from the language of the grant. If I grant a right to take water from a spring upon my land, I am not at liberty to disturb or pollute the water, but I am not bound to keep it clear and in a condition most convenient for the grantee to use it. So, if I grant a way, I cannot obstruct it, but am not bound to keep it in repair. So the grant of a water-course implies a covenant by the grantor not to disturb the grantee in the enjoyment of it. Co. Lit. 384, a, n (1.); *Vandercarr* v. *Vandercarr*, 11 Johns. 122 ; 4 Kent 473.

It does not appear that the plaintiff has not enjoyed his grant to the full extent in which it was made to him. The right to grind corn in a mill is in its nature determinable with the existence of the mill itself. It is like a right to enter upon the soil for a purpose not requiring its exercise after a limited time. The grantor is not bound to preserve the mill in order that the grantee may have the utmost benefit from his grant.

Even supposing such a duty to rest upon the grantor, by reason of a covenant implied or expressed, many questions might be presented before it could be determined

that the present action might be maintained. One would relate to the form of the remedy; another would be whether the covenant ran with the land.

The verdict must be set aside, and a

*New trial granted.*