By the Court.—Sedgwick, J.
A former general term has held that the clause as to the assumption of the mortgage, in the deed from plaintiff to defendant, was the covenant of the party of the second part, the defendant herein.
I am, however, convinced that the assignment of the obligee find the mortgagee to the plaintiff, who was the obligor and mortgagor, extinguished any personal liability of the plaintiff upon the bond and mortgage. Upon that bond or mortgage resting in the hands of the plaintiff, there could be no action at law, 1 ‘ and then if a personal thing cannot be had but by action, if the action is extinguished the thing itself is extinguished ” (Plowd. 184; Thomas v. Thompson, 2 Johns. 471, and the cases cited). The plaintiff voluntarily brought the personal obligation to an end before the defendant had committed any breach. All that could be left, if that could be, would be the pledge or mortgage of the land, and the foreclosure proceedings disposed of that in such a way that there is no practical question as to it in this case.
The plaintiff’s sole cause of action is upon the *5 defendant’s promise to pay the mortgage. The defendant cannot be held if there were no breach of that. The defendant’s obligation was not to pay any specific sum, or the amount of the bond and mortgage; the covenant would be satisfied by any extinction of the bond or mortgage as to the plaintiff, by accord and satisfaction, or by release (Mills v. Watson, 31 Super. Ct. 374). The duty of the defendant became absolute for the first time, on the day fixed by the bond or mortgage for payment. Upon that day there was no personal liability of the plaintiff on the mortgage assumed by the covenant. The plaintiff had voluntarily extinguished it, when there was no equitable reason why it should be kept alive.
It does not seem that the foreclosure action involved this point at all. It might have arisen, if the liability of the defendant for the deficiency had been litigated, or could have been litigated, between these parties; but the question was taken out of the issues by the stipulation that there should be no judgment against the defendant here, for the amount of the deficiency.
It is insisted that the defendant cannot rest upon this defence, as the answer does not set it up. I do not think this necessary, when the facts on which the defence rests are stated in the complaint.
This view of the case is so fundamental, that it is not necessary to review the other exceptions in the case.
Judgment reversed, and new trial ordered, with costs of the appeal to the appellant, to abide the event.
Van Vorst, J., concurred.