BENJAMIN P. FAIRCHILD, Appellant, *v.* THERESA LYNCH, Respondent.

A surety's payment of what as to the creditor is his own debt becomes a purchase as against the principal debtor.

Plaintiff sold and conveyed certain premises to defendant subject to a mortgage previously given by the former to secure his bond; which mortgage defendant assumed, and covenanted to pay the mortgage debt as part of the purchase-price. Subsequently the holder of the bond and mortgage assigned the same to plaintiff, who assigned them to a third person. The mortgage was thereafter foreclosed and a judgment obtained against plaintiff for a deficiency, which he paid. In an action to recover the amount so paid, *held,* that conceding the assignment to plaintiff worked an extinguishment of the bond as a personal security, and that the effect of the assignment by plaintiff was simply to transfer the mortgage lien, yet, that as between the parties, defendant by her covenant became the principal debtor, and plaintiff having, as surety for her, paid the bond, he was entitled to subrogation to the collateral and substitution to the debt, and default having occurred and the collateral having been partly exhausted and applied, plaintiff was entitled to maintain an action for the balance due on defendant's covenant to pay the bond. ·

In the foreclosure suit the complaint set up title as derived from the plaintiff here, and judgment was asked against plaintiff and defendant for any deficiency. Defendant answered denying any personal liability, and subsequently stipulated that judgment might be entered for the relief demanded in the complaint, save that no judgment should be rendered against her for a deficiency. Judgment was entered accordingly. *Held,* that she could not thereafter question the vitality of the bond so far as

necessary to enable plaintiff to assign and transfer it as a debt against himself.

Also *held*, that the foreclosure judgment did not determine the question as to defendant's personal liability to plaintiff, that their rights and equities, as between themselves, were not at issue, and were not tried or decided.

Although the court has power to determine in an action the ultimate rights of defendants as between themselves, where such rights are not material to the actual issues before the court or to the relief to be administered, they must at least in some manner be brought to the notice of the court and actually determined or involved in the judgment to make that judgment operative upon and conclusive as to them.

(Argued May 6, 1885 ; decided June 9, 1885.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 3, 1883, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial without a jury.

This action was upon a covenant contained in a deed from plaintiff to defendant by which the latter assumed a mortgage upon the premises and covenanted to pay the mortgage debt.

On February 18, 1873, plaintiff sold and conveyed to defendant certain premises, upon which there was at the time a mortgage executed by plaintiff to secure his bond due and payable February 15, 1875. The deed was made subject to the mortgage, and contained a covenant on the part of the grantee by which she assumed and agreed to pay the same. On February 20, 1875, the holder of said bond and mortgage assigned the same to plaintiff, who, on October 10, 1874, assigned them to a third person. In September, 1874, the then holders of said securities commenced an action to foreclose the mortgage. The plaintiff and defendant were made parties defendant, and judgment was asked against them for any deficiency. Defendant answered denying any agreement on her part to pay the mortgage-debt and denied knowledge of any such covenant in her deed, alleging it was inserted therein by mistake or fraud. She thereafter stipulated that plaintiff in said foreclosure suit might apply to the court for the relief demanded in the complaint, save that portion asking judgment against her for a de-

ficiency. Judgment was perfected in accordance with the stipulation, the mortgaged premises were sold, and judgment entered against plaintiff for $5,585.71 deficiency, which he paid.

*S. F. Cowdrey* for appellant. Nothing in either of the several acts of Fairchild & Luyster indicates any intention to extinguish the debt; the design to keep the debt alive is manifest, for the reason that it was the interest of Fairchild to keep it alive, and his intention to do so is a logical conclusion therefrom. (*Starr* v. *Ellis*, 6 Johns. Ch. 395; *James* v. *Johnson*, id. 423; *James* v. *Morey*, 2 Cow. 285; *Mechanics' Bk.* v. *Edwards*, 1 Barb. 277; *S. C.*, 2 id. 545; *Angel* v. *Boner*, 38 Bid. 428; *Day* v. *Mooney*, 4 Hun, 134; *Mickels* v. *Townsend*, 18 N. Y. 582; *Champney* v. *Coope*, 32 id. 543; *Sheldon* v. *Edwards*, 35 id. 279; *Campbell* v. *Vedder*, 3 Keyes, 178; *Barnes* v. *Mott*, 64 N. Y. 401; *De Lisle* v. *Herbs*, 25 Hun, 487; *Coles* v. *Appleby*, 87 N. Y. 119; *Smith* v. *Roberts*, 91 id. 475; *Marvin* v. *Vedder*, 5 Cow. 671; *James* v. *Morey*, 2 id. 246; *Mickels* v. *Dillaye*, 15 Hun, 301; *Robinson* v. *Leavitt*, 7 N. H. 73, 101, 112; *Stanton* v. *Thompson*, 49 id. 280.) By the act of becoming grantee of the mortgaged premises, subject to the mortgage, and assuming payment thereof as part of the purchase-money, Mrs. Lynch, the defendant, became principal debtor, and Fairchild became surety. (*Halsey* v. *Reed*, 9 Paige, 446; *Marsh* v. *Pike*, 10 id. 595; *Cornell* v. *Prescott*, 2 Barb. 16; *Blyer* v. *Monholland*, 2 Sandf. Ch. 478; *Rawson* v. *Copland*, id. 251; *Ferris* v. *Crawford*, 2 Denio, 595; *Tripp* v. *Vincent*, 3 Barb. Ch. 614; *Rubens* v. *Prindle*, 44 Barb. 336; *Johnson* v. *Zink*, 52 id. 396; *Hasley* v. *Harrison*, 24 N. Y. 171; *Burr* v. *Beers*, id. 178; *Russell* v. *Pistor*, 7 id. 173; *Jester* v. *Stirling*, 25 Hun, 347; *Paine* v. *Jones*, 14 id. 577; *Bentley* v. *Vanderheyden*, 35 N. Y. 680; *Flower* v. *Lance*, 59 id. 603; *Slauson* v. *Watkins*, 86 id. 601; *Bowen* v. *Beck*, 94 id. 89; *Mills* v. *Watson*, 31 Supr. Ct. 376.) Mrs. Lynch is estopped from questioning the validity of the mortgage debt. (*Freeman* v. *Auld*, 44 N. Y. 55; *Thorp* v. *Keokuk C. Co.*, 48 id. 253; *Ritter* v.

*Phillips*, 53 id. 586 ; *Parkinson* v. *Sherman*, 74 id. 92 ; *Thomas* v. *Thompson*, 2 Johns. 471 ; *Matthews* v. *Acken*, Comst. 600, 601 ; Code, § 339 ; *Morris* v. *Flood*, 5 Barb. 130 ; *Sands* v. *Church*, 6 N. Y. 355 ; *Root* v. *Wright*, 21 Hun, 348; *Clason* v. *Morris*, 10 Johns. 539 ; *Goodyear* v. *Watson*, 14 Barb. 485 ; *Gans* v. *Thieme*, 93 N. Y. 232.) The judgment in the foreclosure action of Chauncey and others against Fairchild, Lynch and others, is an adjudication as against defendant Lynch, equally as against plaintiff, that the bond and mortgage are valid, that the debt thereby secured was due; that the mortgaged premises are chargeable with the payment of the debt, and that Fairchild, the plaintiff herein, one of the defendants in such foreclosure action, is liable for any deficiency. And such adjudication necessarily involved the merits of the defense in this action. (*Le Guen* v. *Gouverneur*, 1 Johns. Ch. 492 ; [Shepard's Notes], ib. ; *White* v. *Coatsworth*, 2 Seld. 137 ; *Embury* v. *Conner*, 3 Comst. 522 ; *Doty* v. *Brown*, 4 id. 71 ; *Miller* v. *Manice*, 6 Hill, 121 ; *Tuska* v. *O'Brien*, 68 N. Y. 449 ; *Gardner* v. *Buckbee*, 3 Cow. 120 ; *Dunham* v. *Bower*, 77 N. Y. 76 ; *Hudson* v. *Smith*, 7 J. & S. 452 ; *Van Slyck* v. *Newton*, 10 Hun, 554 ; *Benjamin* v. *E. J. & C. R. R. Co.*, 49 Barb. 441 ; 54 N. Y. 675 ; *Jordan* v. *Van Epps*, 85 id. 434 ; *Flynn* v. *Powers*, 54 Barb. 555 ; *Dobson* v. *Pearce*, 2 Kern. 165 ; *Crary* v. *Goodman*, id. 266 ; *Dambman* v. *Schulting*, 4 Hun, 50 ; *Cagger* v. *Lansing*, 64 N. Y. 424 ; *Campbell* v. *Smith*, 71 id. 14.) The defendant cannot avail herself of the doctrine of former adjudication by claiming that the judgment in the foreclosure action was *res adjudicata*, so as to prevent a recovery by the plaintiff in this action, for the reason that it contained no personal judgment against her. (*Louw* v. *Davis*, 13 Johns. 227 ; *Lyon* v. *Tallmadge*, 14 id. 501 ; *Thompson* v. *Wood*, 1 Hilt. 93 ; *Jones* v. *Underwood*, 35 Barb. 211 ; *Mason* v. *Alston*, 9 N. Y. 28 ; *White* v. *Madison*, 26 id. 130 ; *Kerr* v. *Hays*, 35 id. 331 ; *Woodgate* v. *Fleet*, 44 id. 13 ; *Kerby* v. *Daly*, 63 id. 659 ; *Davies* v. *Mayor, etc.*, 93 id. 254.) The defendant's admission that Fairchild was the *bona fide* owner of the bond and mortgage precludes any question as to the as-

signment to Fairchild, or its legal effect. (*Hilson* v. *Libby*, 12 J. & S. 15; *Freeman* v. *Auld*, 44 N. Y. 50; *Ritter* v. *Phillips*, 53 id. 589; *Parkinson* v. *Sherman*, 74 id. 88.) The defendant has ratified the mortgage debt by her subsequent conveyance to Bell. (*Sinclair* v. *Jackson*, 8 Cow. 586; *Johnson* v. *Parmely*, 14 Hun, 401.)

*Abram Kling* for respondent. The assignment by Luyster, as mortgagee, back to plaintiff, as mortgagor, of the bond and mortgage which constituted the subject of the alleged covenant, was an extinguishment of the debt and a discharge of the lien. (*Bolland* v. *Wheeler*, 37 N. Y. 244; Bouv. L. Dict., tit. "Discharge"; id., tit. "Confusion"; id., tit. "Extinguishment"; 2 Johns. 474; *Wayne* v. *Sherwood*, 14 Barb. 633; *Nichols* v. *Dillaye*, 15 Hun, 296; 1 Hill. on Mort. 473; *Tripp* v. *Vincent*, 3 Barb. Ch. 613; *Bentley* v. *Vanderheyden*, 35 N. Y. 677; *Sherman* v. *Sherman*, 3 Ind. 337; *Smith* v. *Smith*, 15 N. H. 56; *Bowman* v. *Manter*, 33 id. 531; *Richardson* v. *Cambridge*, 84 Mass. 70.) Defendant by assuming the mortgage became, between herself and the plaintiff, principal debtor; and he, as the grantor, the surety; so that the discharge of Mrs. Lynch as principal from liability for deficiency upon a sale of the mortgaged premises discharged the plaintiff as surety, and was a perfect legal defense to him on the demand for deficiency made by his assignee of the mortgage, as he was under no legal obligation to pay the same, so his payment of the money was voluntary, for which he cannot recover against the defendant. (*Vrooman* v. *Turner*, 69 N. Y. 280; *Spencer* v. *Spencer*, 95 id. 353; *Murray* v. *Marshall*, 94 id. 611; *Calvo* v. *Davies*, 73 id. 211; *Paine* v. *Jones*, 76 id. 274; *Peyser* v. *Mayor, etc.*, 70 id. 497; *Lott* v. *Sweezey*, 29 Barb. 94.) The judgment in the foreclosure action exempting Mrs. Lynch from liability for deficiency, to which the plaintiff was a party, is such a former adjudication as to preclude Fairchild, under the common law, from recovering against her in this action. (*Craig* v. *Wood*, 1 Abb. Ct. App. Cas. 454; *Brown* v. *Mayor, etc.*, 66 N. Y. 385; *Beers* v. *Beers*,

24 id. 178; *Binsse* v. *Paige,* 1 Abb. Ct. App. Cas. 158; *Vrooman* v. *Taylor,* 69 N. Y. 280; *Church* v. *Kidd,* 88 id. 654; *Krekeler* v. *Ritter,* 62 id. 337; *Leovith* v. *Wolcott,* 95 id. 212; *Tusker* v. *O'Brien,* 68 id. 447.) The Code has not changed the common-law rule which authorizes Mrs. Lynch to plead her exemption from liability in the foreclosure action as the subject of a former adjudication in this action. (*Albany S. Inst.* v. *Berbeck,* 87 N. Y. 40; Code of Civ. Pro., § 521.) No subsequent assignment of the bond and mortgage, after the same came into the hands of Fairchild would give validity thereto as against the defendant, as the bond was canceled. (*Meritt* v. *Barthwich,* 36 N. Y. 44; *Bennett* v. *Austin,* 81 id. 321; *Sinclair* v. *Jackson,* 8 Cow. 543; *Warner* v. *Leland,* 2 Barb. 613.)

FINCH, J. What consequence resulted to the plaintiff, from the assignment to him of his own bond and mortgage, is the first question debated in this case. When that transfer was made he had already sold the land to the defendant, not only subject to the outstanding incumbrance, but taking her personal covenant to assume and pay the mortgage debt. He has been defeated upon the ground that, while the mortgage lien might survive, as a taking of the pledge for the debt, yet the transfer of his own bond to himself worked an extinguishment of the personal security, and, at the most, left in existence only a liability of the land to the extent of its value and with no remedy beyond.

Ordinarily such transfer of the bond would extinguish the debt upon the principle that one cannot sue himself, and so there happens a complete suspension of all remedy, and that where he who is entitled to receive, and he who ought to pay are one and the same, an extinguishment of the debt is inevitable. (*Thomas* v. *Thompson,* 2 Johns. 471.) But here the one entitled to receive was not the one who ought to pay, but, on the contrary, one who stood merely as surety for another primarily liable, and the general rule ceases to be conclusive when questions of suretyship and the equities resulting therefrom dis-

turb its simplicity and introduce new and modifying elements. The defendant's acceptance of the deed with its assumption clause made her a covenantor as if an express agreement had been given. (*Bowen* v. *Beck*, 94 N. Y. 89.) By force of that covenant she became the principal debtor for the amount secured by the bond and mortgage, and bound to pay it in exoneration of plaintiff, the obligor in the bond, he standing merely as her surety for the debt. (*Comstock* v. *Drohan*, 71 N. Y. 12.) If he had waited until that debt matured, and she, who was principal debtor had made default, he might as surety have paid the bond, and after exhausting the collateral, have sued her for the balance. (*Mauri* v. *Heffernan*, 13 Johns. 58.) The extinguishment of the bond by payment would have been the foundation of the recovery. But here, before default, the obligor buys and takes an assignment of his own bond. It must retain to some extent the breath of life, or its subsequent transfer was a nullity, and plaintiff's liability upon it was gone forever. The problem is not altogether a new one, and equity has furnished the solution. Where a surety has paid the debt it has been held that he is entitled not only to be subrogated to independent collaterals held by the creditor, but to be substituted in his place and stead to the debt and the instrument which is its evidence, and hold it, alive and enforceable, as against the principal debtor. (*Goodyear* v. *Watson*, 14 Barb. 481.) The right of a third person, not the obligor in the bond, but owning the land bound for the debt, to buy the bond and sue upon it has been sustained by this court to its fullest extent. (*Wadsworth* v. *Lyon*, 93 N. Y. 214.) A bond, therefore, may survive payment, which can become merely purchase-money, when it is a surety who buys. If under such circumstances payment will not kill it, still less will that constructive payment which is argued out of an assignment to the surety who is obligor. He may hold it till the principal debtor is in default, and then enforce it as against him precisely with the same effect as if he had been a co-obligor in the bond, for in equity that is what his covenant made him. The surety's payment of what, as to the creditor, is his own debt, becomes a

purchase as against the debtor primarily liable. The creditor could have sued Mrs. Lynch upon her covenant to pay the bond after default. The surety upon payment becomes substituted to the creditor's right and the bond survives to support it. When default occurs the surety may sue in the right of the creditor, and standing in his place and having all his power, and for this purpose the bond remains a living and enforceable obligation. It is needless to consider whether it retains such vitality against the obligor as to enable him to assign and transfer it as a debt against himself, for that question in this case is determined by the judgment of foreclosure, and for a deficiency which was entered with the express consent of Mrs. Lynch. The assignee set up title so derived, and claimed judgment for a deficiency against Fairchild, the assignor and obligor, and Mrs. Lynch formally consented to the entry of that judgment. But the question seems to us immaterial for any present purpose. If we treat the foreclosure as operative only on the land, and the right of the assignee as confined to a bare transfer of the mortgage as distinguished from any personal obligation beyond it, there still remains the decisive fact that Fairchild, as surety for Mrs. Lynch, paid the bond and mortgage to its holder and was entitled to both subrogation to the collateral and substitution to the debt, and when default occurred, that he fairly exhausted and applied the collateral, and now, standing in the place of the creditor, may sue Mrs. Lynch for the balance due from her upon her covenant to pay the bond; and the latter survives sufficiently at least to support that action. The case in the end seems to us to differ from those, in which the right of the surety has been many times sustained, in but two particulars; first, that the surety paid before default; and second, that his liability and that of the principal debtor were the product of two separate instruments, instead of one and the same. As to the first, it is to be observed that no right of action was asserted until after default, and the purchase made might well be treated as effectual at that date, if not before; and as to the second, that the two instruments constituted the elements of the one contract, and read together put the covenantor in the

same practical position which she would have occupied if she had signed the bond as principal debtor, Fairchild signing it as her surety. We are thus of opinion that the General Term erred in holding Fairchild's right of action to have been extinguished.

But the judgment for the defendant is sought to be sustained on another ground. In the foreclosure action, as we have said, both Fairchild and Mrs. Lynch were made parties defendant, and personal judgments against each for any ultimate deficiency were sought. Mrs. Lynch defended: denying her assumption of the debt; charging the bond and mortgage to be fraudulent; pleading her coverture; but among all her defenses, never alleging that of payment or the extinguishment of the bond. Before trial she signed a stipulation consenting that a judgment might be entered in the action for the relief demanded in the complaint, except so far as it sought to make her liable for a deficiency, and judgment was accordingly entered of foreclosure and sale and against Fairchild for a deficiency. The effect of this judgment she claims discharges her liability in two ways. She contends that the acceptance of the stipulation by the then plaintiff released her, and as a consequence released Fairchild, her surety, notwithstanding it conclusively established his liability; and whether he chose to avail himself of a defense personal to himself or not; and further insists that the judgment at all events conclusively determined that she was not liable for a deficiency. But it seems to us very clear that it determined nothing as between the co-defendants, Fairchild and Mrs. Lynch. Their rights as between themselves were not in issue, were not tried, were not decided, and were totally immaterial to the case before the court. It is doubtful, even, if the effect of the stipulation was not simply to withdraw from the case the then plaintiff's right of action for a deficiency against Mrs. Lynch, and leave it open for future litigation if such should be deemed necessary. But, whether that be so or not, it certainly did not adjudicate upon any rights or equities between Mrs. Lynch and Fairchild and left them wholly undetermined. These rights were not before the court;

neither pleaded nor proved; unessential to the judgment rendered, and so not involved in it. That the court had power to have determined the ultimate rights of the parties as between themselves is true; but where such are not material to the actual issues before the court, or to the relief to be administered, they must, at least, in some manner be brought to the notice of the court, and actually determined, or involved in the judgment rendered, before that judgment can operate upon them. The rule that a judgment is conclusive not only as to the questions litigated but those which might have been litigated, means such as were within the issues before the court and so might have been determined. Such was not the case here. Mrs. Lynch denied her personal liability to plaintiff in the foreclosure. Whether or not she was so liable to Fairchild by reason of his purchase of the bond was a question not presented, and which, as the case stood, could not have been tried. The necessary facts for such a determination were absent both from the pleadings and the proof.

The judgment should be reversed, and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.