Opinion of the court, by
Judge Wright:
The plaintiff intestate was the promisee of the notes on which the suit is brought, which were given by the defendants’ intestate. The promisoe, in his lifetime, was appointed administrator to his promisor, but never received any assets, and the main question presented is, whether the mere appointment of a debtee administrator of his debtor’s estate, extinguishes the debt.
The granting administration of an estate to one indebted to the intestate, is an extinguishment of the debt. The chose in action becomes converted into a chose in possession, and is transmitted, by the mere operation of law, which is equivalent to judgment and execution. The debt is thus satisfied and extinguished. The instant administration is granted, the administrator being the person to pay and to receive, is considered as having paid the debt,, and as holding the amount in his hands as assets; and the debt having once become assets, no act of the parties can return them back to an obligation. Bigelow v. Bigelow, 4 Ohio, 147; Gordon on Decedents, 153, 159; Toll. Ev. 238; 1 Com. Dig. 135, 136; Dorchester v. Webb, Cro. C. 372; Wankford v. Wankford, 1 Salk. 302, *305; Winship v. Ross, 12 Mass. 199; Hayes v. Jackson, 6 Mass. 149; Stevens v. Gaylord, 1 Mass. 256; Woodward v. Lord Darcy, 1 Plowd. 184-186; 1 Sid. 79. The case of Bigelow v. Bigelow, which is solely relied upon by defendant’s counsel, is one of this class of cases. In that case the defendants’ intestate had. been appointed administrator to his creditor, and it was held that the debt due by him, having become assets in his hands, no action could be maintained upon the original debt against him. The principle of this decision is sensible, and is founded in justice. It *72 •does not release the debt without payment, but charges the person bound to pay the money, directly with it, as assets.
The case at bar is entirely different. Here the creditor, not the debtor, is appointed administrator. In such cases the grant of administration may, or may not, according to circumstances, extinguish the debt. The rule is different, but like that applicable to the other class of cases, it looks to the same end, the attainment of justice by direct means. It is that the administrator has a' right to retain what is due to himself out of the assets in his hands to be administered, because he can not sue himself. Gordon on Decedents, 179; 2 Black. Com. 571; 3 Black. Com. 18, 19. If, •under such circumstances, he could sue himself, it would avail nothing, for the mere operation of law, in this, as in the other class of cases, is equivalent, to judgment and execution. It must be obvious that the right to retaimsupposes the possession of assets out of which the debt may be retained. Without chattels of the decedent the right in the administrator would be naked and fruitless; in such cases it is laid down that the appointment of one administrator to his creditor is not an extinguishment, unless he has in his hands sufficient to satisfy the debt; and if the goods he has are insufficient, or he has none, he may immediately sue the heir. Gordon on Decedents, 185. In the case at bar it is admitted that no.assets whatever came to the hands of the administrator. There could not, therefore, be an extinguishment of the debt, arising either from supposed satisfaction or from mere operation of law.
The counsel for the defendants rests' his defense upon the expression of the court in the case of Bigelow v. Bigelow, 4 Ohio, 147, that “ personal actions once suspended are *always suspended. Cro. Car. 372.” And the remark of the court that “Chief Baron. Comyn, who is himself said to be authority, has recognized the.principle as a sound one, that a personal, thing suspended is extinct. 1 Com. Dig. 337.” The case referred to in Cro. Car. is Dorchester v. Webb; there one of two obligors had died and made A. his executor; the obligee died afterward and A. was his executor also. A., as the executor of the obligee, and the surviving obligor, pleaded that' assets of the deceased obligor had come to A.’s hands sufficient to pay the debt. To which it was replied that no goods of the obligor ever came to his hands. Upon demurrer, which admitted the truth of the replication,’the *73 court held the action maintainable, and agreed “ that when the debtee makes the debtor his executor, it is not absolutely a discharge of the debt,” for the debt remains as assets, and is quasi a release in law, because he can not be sued ; but it is a mere suspension of the action where a feme debtee marries the debtor; though “ if a man' debtee takes the debtor to wife, that is a release in law, because they may not be sued, and personal actions once suspended are perpetually suspended !” The decision of the case reported is right, but the careless report of the language of the court occasions the difficulty. The first proposition of the court I have shown by abundance of authority, and the reason of the thing is correct; the second rests, palpably, on a similar principle. By the intermarriage, if the woman be the debtor, the debt becomes, by operation of law, the debt of the husband, and so is extinguished, and the remedy'is gone; so the law gives the husband the ehoses in action of the wife when reduced to possession, and if he himself be the debtor he is already in possession of the debt, and eo instanti, upon the marriage it becomes his own, and is therefore extinguished. . These are cases of extinguishment and not of suspension. And the very ease in which the court are made to say, “personal actions once suspended are perpetually suspended,” was one of temporary suspension, so declared to be, and for that reason was sustained by the court. The passage in Com. Dig. 337, is this : “ If an executor, who was indebted to the estate dies, an action does not lie against his executor or admintrator for the debt; for a personal thing suspended is *extinct.” In Crossman v. Reed, Cro. Eliz. 114, a woman executrix had married a debtor of her testator ; the husband died, and debt was brought against the woman. She plead riens inter manes, which was found, and whether this was assets was the question. The case was adjudged for the defendant that this was not assets, because the debt held by her, as executrix, was in auter droit, and therefore was not extinguished by her marriage, but only suspended ; and the right of action was revived against the executors of the husband.
In Wankford v. Wankford, 1 Salk. 302, Justice Powell asserts that where the obligor makes the obligee his executor, the debt is extinct “ only upon the shpposal that the executor has assets which he may retain to pay himself; for though the obligee may give sthe obligor the debt, yet that will not hold vice versa. But in case *74 of failure of assets, the executor may sue the heir. Indeed, where the executor has the assets, the debt is gone; but that is because he may retain and pay himself, and so is 12 H. IV., c. 21; 1 Plowd. 185, B; but if he has no assets, the action is never so much as suspended, for the executor may sue the heir at the very ' day, and so it is not within the rule of personal actions once suspended,” etc. And Holt, Chief Justice, 1 Salk. 305, says, “If the obligor make the obligee, or the executor of the obligee his executor, this done is no extinguishment, though the same hand is to receive and pay. But if the executor has assets of the obligor,, it is an extinguishment, because it is within the rule that the person, who is to receive the money, is the person who is to pay it; but if he have no assets, then he is not the person that ought to-pay, though he is the person who is to receive it,” etc. He says also, “the same point was again resolved (Hill, 24, 25, Car. 2 B. R.) in the cáse of Locke v. Crosse, where the obligee was made executor to one of the obligors; and in an action by him against the other, where the matter was pleaded, the plea was held to be naught, because he did not show to what value the assets were that he administered; but if the defendant had shown that he had administered goods to the value of the debt in demand, it had been a good plea. Secondly. Suppose the obligor takes administration to ^obligee in that case, the same person has a right to-receive the money and to pay it, yet that will be no extinguishment. And so is Sir John Needham’s case, 8 Coke, 136. In 1 Bac. Ab., title Executors and Admr’s, A. 10, p. 37, it is laid down “ that if a person dies intestate, and the ordinary commits administration to a debtor, the debt is not thereby extinguished. Off. Ex. 31. And, therefore, if an obligor administer to the obligee,, and makes his executor and dies, the creditor of the obligee may well bring an action against him.” Sid. 79.
Upon similar principles, it was adjudged in the King’s Bench (30 and 31 of Eliz.), that “ if a feme executrix take the debtor to husband, this is no release in law, for that would be a wrong to-the dead, and in law work a devastavit, which an act in law shall never work.” Co. Lit., Releases, 264, B. Judge Van Ness, in Thomas v. Thompson, 2 Johns. 471, lays down the rule, “ that a personal action once suspended by the voluntary act H the party entitled to it, is forever gone and discharged.” In that case A. had recovered judgment against B., as administratrix of C., and *75 afterward appointed B. executrix, and died. The judge says (p. 474), “ Here the defendant as executrix of the judgment creditor,. Alexander Thompson, had a right to receive the amount due on the judgment, and having assets, as administratrix of the judgment debtor, she ought to pay. The judgment, consequently, by her appointment as executrix (the will having been proven), is extinguished.” In this case the judge, after laying down the position (with the qualification of the voluntary act of the party), that a personal action once suspended is forever gone, it will be seen decided, and decided correctly, that the extinguishment resulted, not from the fact of administration, but from the receipt of' assets, which she ought to pay. It seems to us to follow, from the-authorities, and from right reason, that as the plaintiffs’ intestate, in the ease at bar, never had any assets of his debtor in his hands, out of which he could retain the debt due to him, the taking of administration by him does not release or extinguish the debt, but that it survives to his representatives. The case of Bigelow v. Bigelow, relied upon, was rightly decided; there the debt became assets, and was extinguished; and we do not understand the court as deciding, in that *cause, for it certainly was not called upon to decide that question, “ that in all cases, personal actions, or things once suspended, are always suspended, or extinct.” Nor do we so understand the law. It appears, also, in that case (p. 148), that the whole sum due on the covenant, which was the foundation of a suit, had been judicially found to have been all paid before suit brought, so there would be no right in the plaintiff to recover on the covenant. A great variety of cases,, of temporary suspension, without extinguishment, will suggest-themselves to every professional man, and it is unnecessary to-enumerate them.
The difficulty which the counsel supposes would result from-holding this debt non-extinguished by the administration without assets is not perceived by us. The decision would not hold the debtor to prove, that which is supposed impossible, the secret retainer of the debt out of assets, but would be satisfied by proof, that the creditor, as administrator, had assets out of which he-might have retained the debt.
The court of common pleas, therefore, erred in rejecting the evidence offered, and their judgment must be reversed, and the causaremanded for further proceedings.