### KOONS, ESTATE OF, In Re

Ohio Probate Court, Hardin Co

Decided May 11, 1938

Cessna & Cessna, Kenton, for applicant.
James E. Reed, Marion, and E. B. Jones, Kenton, for Benjamin Koons.

### OPINION

By DeWITT, J.

Henry Koons died testate on February 21, 1921, leaving about two hundred (200) acres of land and a small amount of personal property. The will of decedent named two of his sons James A. Koons and Reuben Koons as executors to serve without bond. Said decedent by his will gave his widow a life estate in all his property after payment of debts and funeral expenses. Then, he gave his six sons each the one-eighth (1/8) of the residue and his three daughters each the one-twelfth (1-12) part of the residue subject, however, to the payment of all debts and funeral expenses of his said wife. The widow died in 1935.

The said James Koons and Reuben Koons were duly appointed and qualified as such executors on the 18th day of March, 1921.

Prior to the death of decedent, the said James A. Koons purchased from his said father one hundred and three (103) acres of land for the sum of fifteen thousand dollars ($15,000.00). Three thousand dollars ($3,000.00) of this was paid in cash and notes and a first mortgage signed by the said James A. Koons and Ella M. Koons, his wife, for the balance in the sum of twelve thousand dollars ($12,000.00). The records of mortgages in the Recorder's Office of this county show the conditions of this mortgage had been complied with and the same was satisfied and discharged, said release being signed by James A. Koons and Reuben Koons, executors of the estate of Henry Koons, deceased, and dated May 10 1922.

On the same date, the said James A. Koons and his wife, executed a mortgage to the executors of the estate of Henry Koons, deceased, in the sum of five thousand dollars ($5,000.00) which said five thousand dollars ($5,000.00) mortgage was released and cancelled on June 17, 1927 by the said James A. Koons and Reuben Koons as such executors. On June 13, 1927, the said James A Koons and wife, gave a mortgage to Provident Mutual Life Insurance Company in the amount of six thousand dollars ($6,000.00) for the term of five (5) years. This mortgage is no released of record. On June 21, 1927, James A. Koons and wife executed and gave a mortgage for four thousand dollars ($4,000.00) to the executors of said estate. This mortgage is not cancelled.

All the above mortgages were duly filed and recorded. The will of said decedent was duly admitted to probate and record in the Probate Court of Hardin County, Ohio, on the 8th day of March, 1921.

On October 23, 1922, a partial account was filed, which is the only account ever

filed by said executors. In this account, the executors charged themselves with the following items:

From James A. Koons, principal
| | |
|---|---|
| on mortgage, | $12.000.00 |
| Sale of Chattels | 563.00 |
| Interest on Mortgage, | 416.58 |
| Total, | $12,979.58 |

The executors credit themselves with expenditures amounting to $7,979.58, leaving a balance on hand of $5000.00. This amount further sets out that the $5,000.00 is due the estate from James A. Koons and is represented by a six per cent (6%) mortgage for five thousand dollars ($5,000.00), duly executed and delivered by James A. Koons and wife and was duly filed, etc.

On February 14, 1938, said executors filed an application in this court for authority to compound the claim of said estate against said James A. Koon. Said application sets out in substance, among other things, that the said James A. Koons had paid certain debts of said decedent and his wife amounting to more than one thousand dollars ($1000.00); that said debtor agreed to pay certain amounts to compromise said debt; and that it was doubtful whether the said debtor was of such solvency as said estate could fully recover on the said four thousand dollars ($4,000.00) note and mortgage; and prays for the approval of the proposed settlement as set out in said application. All the devisees, under said will, except Benjamin Koons consented to the compounding of said claim. Benjamin is contesting such compromise.

Sec 10509-67, GC, provides that:

"The naming of a person executor, in a will, shall not operate as a discharge or bequest of a just claim which the testator had against such executor. It shall be included among the credits and effects of the deceased in the inventory. The executor shall be liable for it as for so much money in his hands at the time such debt or demand becomes due and must apply and distribute it in the payment of debts and legacies, and among the next of kin as part of the personal estate of the deceased. But the surety or sureties on the bond of an executor shall not be held to be responsible for any personal debt to the testator or his or her estate, of the person appointed executor, existing at the time of the appointment of such executor except to the extent that such debt has been made uncollectible by act or acts of the person appointed executor after his or her appointment."

Sec 10509-72, GC, provides that:

"When a debtor of a deceased person is unable to pay all his debts with the approval of the Probate Court, the personal representative may compound with such debtor and give him a discharge, upon receiving a fair and just dividend of his estate and effects, or such part of the debts, as the court deems beneficial to those interested in the estate of the decedent." ,

In the case of the **United States Fidelity & Guaranty Co.** v Jones et, 22 Oh Ap page 345, (4 Abs 611), the first syllabus reads as follows:

"Where a debtor is appointed as administrator or executor to creditor, debt becomes assets in his hands, and his sureties are liable for his failure to administer and distribute it."

Judge Hamilton in rendering the opinion in the last above named case, said at page 353 that:

"It is settled law that where a debtor is appointed administrator or executor to his creditor the debt becomes an asset in the hands of the administrator or executor, and he, as such, becomes liable for it, as for so much money in his hands at the time the debt becomes due and the sureties on his bond are liable for his failure to administer and distribute the same according to law."

In the case of **McGaughey, Admr. etc.** v Jacoby et, 54 Oh St page 487, decided January term, 1896, the first syllabus reads:

"The indebtedness of an executor to his testator, is assets with which he is chargeable, at its maturity, as so much money in his hands; and the sureties on his bond are liable for his failure to administer and distribute the same according to law and the will, although he was insolvent at the time of his appointment, and continues to be so until the settlement of his final account."

Judge Williams in rendering the opinion in this case says at pages 497 and 498:

"The rule of the common law, that the appointment and qualification of a debtor as the executor of his creditor's estate, operated as a legacy of the debt and discharged the executor from its payment

never obtained in this state. On the contrary, it has been the established law from an early period, that the debt becomes assets with which the executor is chargeable, and at its maturity is treated as paid, and thereafter, as so much money in his hands, for the faithful administration and distribution of which in accordance with the law and the will, the sureties on the executor's bond, are responsible."

In support of this, Judge Williams cites **Tracy v Card, 2 Oh St 431; Hall v Pratt, 5 Ohio 73; Bigelow v Bigelow, 4 Ohio 138:**
That law was carried into the legislation of the state as early as the administration act of March 2, 1840, and has since continued to be a statutory regulation governing the accountability of executors and the liability of their sureties. §6069, Revised Statutes, which is now a part of §10509-67, GC, declares:

"The naming of any person executor, in a will, shall not operate as a discharge or bequest of any just claim which the testator had against such executor; but such claim shall be included among the credits and effects of the deceased in the inventory and the executor shall be liable for the same as for so much money in his hands at the time such debt or demand becomes due; and he shall apply and distribute the same in the payment of debts and legacies among the next of kin as a part of the personal estate of said deceased."

Judge Williams further says at page 499, that:
"The statute declares in explicit terms, that in the administration of his trust, the executor shall be liable for any indebtedness of his to the testator, 'as for so much money in his hands' at the time it becomes due and, 'shall apply and distribute the same in the payment of debts, and legacies, and among the next of kin as part of the personal estate of the deceased.' The language includes all executors indebted to their testator, imposes the same duties upon all alike and applies the same rule to all without distinction between those that are solvent and those that are insolvent, or on account of any circumstance or condition whatever."

Again, the same judge says at page 501, that:
"Debts due from the executor to the testator, are, by force of §6069, (now embodied in §10509-67, GC), transmuted into money

in his hands, and being so, in the language of the court in Hall v Pratt, supra, 'no act of the parties can return them back to an obligation'; so that they cannot be classified with uncollectible nor uncollected debts, within the purview of §6181; (now, §10509-174 GC). Former §6181 R. R. is now embodied in §10509-174, GC.

In the case of **Jones v Willis, 72 Oh St 189** (decided 1905), the court approved the rule laid down in McGaughey, Admr. v Jacoby, supra, and the rule laid down in Hall v Pratt, supra. The court also says in Jones v Willis, supra, at page 201, that:

"According to the established rule, the indebtedness of William R. Willis to James M. Willis at the time the former was appointed executor of the will of the latter, was then transmuted into money and he became thereafter, chargeable with it as money, whether inventoried or not, and this money remained in his hands as a charge against him as executor * * *, unchanged by any account filed or any order or judgment of any court relieving him therefrom."

The court, in the Willis case, also held, after quoting §6069 above referred to, that
"This transmution of the debt into money, satisfied the debt so that it no longer existed."

An administrator is chargeable in his accounts as money in his hands with all debts which he owes individually and unconditionally to the estate.

The Supreme Court has held that the indebtedness of an executor to his testator, is assets with which he is chargeable at its maturity, as so much money in his hands; and the sureties on his bond are liable for his failure to administer and distribute the same according to law and will, although he was insolvent at the time of his appointment and continued to be so until the settlement of his final account.—McGaughey v Jacoby, supra.

As a debt existing in the lifetime of the testator against one who becomes executor of his last will, is transmuted into money in the hands of such executor by the force of §10691 GC. (Now 10509-67 GC); and no act of the executor can turn it again into the character of a mere demand or obligation.

In the case of Cheney v Powell et, supra, the court holds:

"A demand existing in the lifetime of the testator against one who becomes executor of his last will, as undischarged, is transmuted into money in the hands of such executor by the force of §6069 of the Revised Statutes, (now part of §10509-67 GC) and no act of the executor or of the debtor can turn it again into the character of a mere demand or obligation."

"Being transmuted into money in the executor's hands, it cannot be classed as an uncollectible or desperate claim, by reason of the insolvency of the executor."

Any repetitions herein are occasioned by similar quotations from different authorities

The principle is, that a debt is merely a right to recover the amount by way of action; and, as an executor cannot maintain an action against himself, his appointment, by the creditor to that office, suspends the action for the debt. It is considered, that the debt from the debtor executor has been paid to him by himself; and upon his supposition it is an established rule in equity, that the executor shall be accountable for the amount of his debt as assets.—Williams on Executors, 1123, 1124, 1128, 1129.

The loaning of the estate's funds by the executors to James A. Koons, one of said executors, is a transaction beyond their power or authority to enter into and are not in accordance with law nor their duties as such executors. However, whatever may be the effect of such transactions in the administration of this estate, this court need not determine as they do not enter into the solution of the question involved in this action. Neither can the court determine the receipts and expenditures of the executors as such, until they render an accounting covering the period from the date of their partial and only account filed in this estate to the present time. These are extremely important matters in the settlement of this estate and should have been accounted for years ago. This estate has been pending for more than seventeen years and to clear matters up at this late date is very difficult. However that may be in the opinion of this court, the question for consideration and determination is, whether the debt of the said James A. Koons is such a debt as can under the law be compounded or compromised.

If it be such a debt, then what should he pay?

While §10509-72 GC provides that when a debtor of a deceased person is unable to pay all his debts with the approval of the Probate Court, the personal representative may compound with such debtor, yet, in the opinion of the court, it does not contemplate such a debt or debtor as is under consideration in the instant case. It is neither reasonable nor just that such a debtor should compromise a claim with himself.

Sec 10509-67 GC specifically provides that such a debt shall be included among the credits and effects of the deceased in the inventory. The executor shall be liable for it as for so much money in his hands at the time such debt or demand becomes due and must apply and distribute it in the payment of debts and legacies, and among the next of kin, as part of the personal estate of the deceased.

The law imposes the same duties upon all executors alike indebted to their testator and applies the same rule to all without distinction between those that are solvent and those that are insolvent, or on account of any circumstance or condition whatever.

This $12,000.00 mortgage by its terms became due twelve (12) years after its date. However, this mortgage was satisfied and discharged by the executors on May 10, 1922, the conditions of said mortgage having been complied with. At this time, this mortgage was paid and became as so much money in the hands of the executors. In other words, it was paid.

Had it not been so satisfied on the last aforesaid date, it would have been considered paid on its due date which is now long past. Said debt being paid, no act of the parties can return it back to an obligation. Neither can it be classed with uncollectible nor uncollected debts under the law. This was a transmutation of the debt into money, satisfied the debt so that it no longer existed.

In accordance with the foregoing named authorities, the court finds and so holds that the debt of the executor, James A. Koons, is treated as so much money in his hands for which he is liable and must account to the estate. It is not such a claim as can be compromised or compounded under §10509-72 GC. Application dismissed.